## ED POULTER V. THE STATE.

### No. 2207.  Decided April 16, 1913.

### Rehearing denied May 30, 1913.

**1.—Perjury—Indictment—Precedent.**

Where, upon trial of perjury, the indictment followed approved precedent and complied with the statute, the same was sufficient.

**2.—Same—Jury and Jury Law—Challenge.**

Where the bill of exceptions did not show that the alleged objectionable juror or any other objectionable juror served on defendant's case, there was no error.  Following Oates v. State, 67 Texas Crim. Rep., 488.

**3.—Same—Evidence—Declarations of Defendant.**

Upon trial of perjury which was based on the alleged false testimony as to defendant's age, in the Justice Court, there was no error to show that defendant in said court testified that he was under twenty-one years of age, and that he was there asked whether he had not stated to the clerk in applying for a license to marry that he was over twenty-one years of age.

**4.—Same—Evidence—Fixing Date.**

Upon trial of perjury, there was no error in permitting the witness to fix the date of his first acquaintance with defendant, by the fact that he filed a suit of divorce for defendant's mother, the testimony being properly limited.

**5.—Same—Evidence—Opinion of Witness—Age of Defendant.**

Where the witnesses fully qualified themselves as to their acquaintance with the defendant, his size, weight, appearance, etc., there was no error in permitting them to give their opinion as to his age.  Following Earl v. State, 44 Texas Crim. Rep., 467, and other cases.

**6.—Same—Evidence—Charter.**

Where the perjury grew out of a suit by a corporation against the defendant, there was no error in the trial for perjury to admit in evidence the charter of said corporation.

**7.—Same—Evidence—Age of Defendant.**

Where, upon trial for perjury growing out of a civil suit in the Justice Court, wherein defendant had falsely sworn as to his age, there was no error in admitting the testimony of the road overseers with regard to the statements of defendant to them as to his age.

**8.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of perjury, the defendant objected to the question as to whether defendant was in jail with the witness, etc., but the bill of exceptions in no way pointed out how the defendant was injured by this question, there was no error.  Following Sweeney v. State, 65 Texas Crim. Rep., 593.

**9.—Same—Evidence—Cross Examination—Moral Turpitude.**

Where, upon trial of perjury, the defendant's witness, on cross-examination was asked by the State if he had not been indicted for murder, to which

he answered in the affirmative that he had been indicted about ten years ago but was never tried, to which defendant objected; but the bill of exceptions was too general and did not point out the status of the case in connection with the alleged testimony, etc., the same could not be considered on appeal. Following Conger v. State, 63 Texas Crim. Rep., 312, and other cases. Harper, Judge, dissenting.

### 10.—Same—Sufficiency of the Evidence—Statutes Construed.

Where, upon trial of perjury for falsely testifying to defendant's age in a civil suit in the Justice Court, the evidence sustained the conviction under a proper charge of the court, there was no error, and the contention that the trial of said civil suit not having been concluded the evidence was, therefore, at variance with the indictment, was untenable, under articles 304, 308, Penal Code.

### 11.—Same—Case Stated—No Variance—Charge of Court.

Where the indictment alleged that the defendant falsely testified as to his age in a civil suit in the Justice Court, and the evidence showed that the case was continued in said court on account of the surprise on the part of the State that defendant pleaded his minority and as a witness swore thereto, there was no fatal variance between the allegation of the indictment for perjury and the evidence thereunder, and the court correctly refused a peremptory charge to acquit. Following Smith v. State, 7 Texas Crim. App., 382, and other cases.

### 12.—Same—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of perjury, the court correctly instructed the jury what were the material allegations in the indictment upon which perjury was based, and submitted to the jury the question as to whether or not defendant swore falsely to his age in a civil suit in the Justice Court, there was no error, the evidence abundantly sustaining the conviction.

Appeal from the District Court of Parker. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John L. Poulter* and *Mike E. Smith* and *Leonard M. Levy,* for appellant.—On question of insufficiency of the evidence on account of variance between the allegations of the indictment and the proof: Garrett v. State, 39 S. W. Rep., 108; Curtley v. State, 59 S. W. Rep., 44; Williams v. State, 50 Texas Crim. Rep., 269, 96 S. W. Rep., 47; Emery v. State, 57 Texas Crim. Rep., 423, 123 S. W. Rep., 133.

On question of the court's charge being on the weight of the evidence and not authorized by the indictment: Ray v. State, 49 Texas Crim. Rep., 173, 90 S. W. Rep., 632; Conant v. State, 51 Texas Crim. Rep., 610, 103 S. W. Rep., 897; Buttler v. State, 38 S. W. Rep., 46; Buller v. State, 28 S. W. Rep., 465; Leverette v. State, 32 Texas Crim. Rep., 471; Donohoe v. State, 14 Texas Crim. App., 638.

On question of insufficiency of the indictment: Conant v. State, 51 Texas Crim. Rep., 610, 103 S. W. Rep., 897, and cases above cited.

On question of compelling defendant's witness to testify that he was indicted for murder. ten years previous to the trial: Brown v. State, 56 Texas Crim. Rep., 389, 120 S. W. Rep., 444; Bogus v. State, 55 Texas

Crim. Rep., 126, 114 S. W. Rep., 823; Winn v. State, 54 Texas Crim. Rep., 538, 113 S. W. Rep., 918; Busby v. State, 48 Texas Crim. Rep., 83, 86 S. W. Rep., 1032; Bowers v. State, 71 S. W. Rep., 284.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of perjury and his penalty fixed at the lowest prescribed by law,—two years in the penitentiary.

Appellant made no motion to quash the indictment on any ground. In his motion for new trial he complains of the indictment in some particulars. The indictment is in accordance with the approved form therefor and it fully complies with the statutes prescribing the offense (P. C., arts 304 to 308, inclusive), and with the statutes prescribing the requisites of an indictment for such offense. (Arts. 451, 465, 453 and 460, C. C. P.)

Appellant has some fourteen bills of exception. It is not necessary to take up each separately as some of them relate to the same character of matter. One is to the overruling by the court of his challenge of a juror. The bill in no way shows that this juror served or that any other objectionable juror served. The bill presents no error. Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W. Rep., 1194, and cases there cited.

The testimony of some of the State's witnesses, objected to by appellant, was to the effect that the appellant in the Justice Court case wherein he is charged with having sworn falsely to his age and that he was at the same time, when examined, asked in the Justice Court case if he had not in substance stated to the clerk, when he applied for license to marry some time before then, that he was then more than twenty-one years of age. This testimony, under this case, was clearly admissible.

Neither is any error shown by his bill complaining that the State's witness, Shropshire, in order to fix the date of his first acquaintance with appellant, fixed it by stating the date he filed a suit for his mother for divorce. The court specifically limited such evidence for the purpose of the witness fixing the date. Bice v. State, 37 Texas Crim. Rep., 36. Neither does any of his bills objecting to the various witnesses testifying their opinion as to the age of the appellant, they showing fully their acquaintance with the appellant, and his size, weight, appearance, etc. Earl v. State, 44 Texas Crim. Rep., 467; Bice v. State, 37 Texas Crim. Rep., 38; Jones v. State, 32 Texas Crim. Rep., 108; Garner v. State, 28 Texas Crim. App., 561; Earl v. State, 44 Texas Crim. Rep., 493, 66 S. W. Rep., 839; Railroad v. Bowles, 32 Texas Civ. App., 118, 72 S. W. Rep., 451; Danley v. State, 71 S. W. Rep., 958.

Neither does his bill complaining that the court admitted the charter and amendment thereto of the Lowe-Carter Hardware Company, which

was the plaintiff in the original Justice Court case wherein appellant is charged to have sworn falsely.

Neither did the court err in permitting the road overseers to testify that they had summoned appellant to work on the roads,—one in 1905 and 1906, at which respective time he stated to the overseer that he was eighteen years of age in 1905, and that he was nineteen in 1906. To the other overseer, who summoned him for the year 1910, that he then worked the road, and when told by said overseer that he had failed to find him to notify him to work the road in 1911, he stated he was glad he was not there and that he beat him out of that much. All this was admissible as tending to show his age, which was a material question in the case.

The ninth bill is as follows: "Be it remembered that upon the trial of the above styled and numbered cause Tom F. McClure, a witness for the State, testified in part, as follows: 'In 1901 I was thrown in company with the defendant, Ed Poulter, for some time, several days or weeks possibly. I was then living in Decatur, Wise County, Texas. My residence was in the jail in Decatur, Wise County.' Witness was then asked by State's counsel: 'State whether or not the defendant, during this time you associated with him, was in jail with you?' the witness answered: 'He was.' Defendant's counsel: I object to that, to the question and answer. I except to the question and reserve a bill to the statement of counsel. The court: I sustain the objection to that. Gentlemen of the jury, you will not regard this last question and answer for any purpose; will not consider it. Q. Now about how long was it—was he there or with you there, in town, in Wise County, in Decatur, that you knew him or saw him? A. Why, it was several days, and of course I can not recall now how many weeks it was, how long he was there with me. Defendant's counsel: I object to the question and answer and except to it—to evidence along that line hereafter. The court: I think the witness could testify as to his acquaintance with him; how long he knew him. Defendant's counsel: I do not object to that. The court: I sustain the objection to the question asked. Gentlemen, you will not regard that last question and answer; nor consider it in this case for any purpose. Q. About how often, during these occurrences or incidents that you speak of, in 1901, how often did you see him? Defendant's counsel: I object to that and except to the question because the court has held that occurrence is inadmissible. They have already stated what the occurrence was; immaterial and prejudicial. The court: You can ask him how long he knew him. The defendant now presents this bill, of the exceptions above stated, and asks that it be approved and made of record in this case, and it is done." This in no way shows how appellant was injured or could have been injured thereby. Sweeney v. State, 65 Texas Crim. Rep., 593, 146 S. W. Rep., 883.

The only other bill is in full, this: "Be it remembered that upon the trial of the above styled and numbered cause John L. Poulter was

called and testified as a witness for the defendant, and on cross-examination was asked if he had not been indicted for murder in Wise County, and answered that he had, about ten years ago, and was never tried for it.  Q. Defendant's counsel: For the murder of your uncle? A. Yes. Defendant's counsel: We object and take a bill of exceptions to the question and answer. And the defendant here tenders this bill and asks that it be approved and made of record in this case, and it is done. Witness: I do not object to going into the details of the whole transaction. State's counsel: When was that? A. Ten years ago, something like that. Defendant's counsel: The objection is, because it is irrelevant and immaterial, not admissible, too remote, sheds no light upon the issue in this case; not admissible for impeachment. The court overruled the objection and to such ruling and action of the court the defendant then and there excepted, and here now tenders this his bill and asks that the same be approved and made of record in this case, which is done."

This bill under all the rulings of this court is too general to authorize or require this court to review the question. It does not state the status of the case so that we can tell whether any error was committed or not, nor does it even tell what the testimony of this witness was so as to show whether it could have possibly affected, even his testimony. If we could look to the record for all the facts, it would show that this witness was one of appellant's attorneys in this case and at the time he testified, it will be seen by the bill itself, he stated that he did not object to going into the details of the whole transaction. Nor does the bill show any such state of facts as to show that this evidence was inadmissible. That the bill is wholly insufficient under the rules of this court see Conger v. State, 63 Texas Crim. Rep., 312, and cases there cited. Neither does the bill show any such state of facts as to show that this evidence is not admissible for impeachment purposes. For aught that the bill shows it may have been clearly admissible. Ortiz v. State, 151 S. W. Rep., 1059; Oates v. State, 149 S. W. Rep., 1194, and see cases cited by Mr. Branch in his Criminal Laws of Texas, p. 551.

The appellant contends that the evidence is wholly insufficient to sustain the conviction and that the court erred in refusing to give his peremptory charge to find him not guilty. The indictment charges to this effect and the evidence was amply sufficient to sustain it. That shortly prior to December 26, 1911, Lowe & Co., a corporation, sued the appellant and one John Baker in the Justice Court in Precinct No. 1 of Parker County, Texas, on two promissory notes executed by appellant, one for $80 and the other for $40, each providing for interest and attorney's fees, and to foreclose two mortgages on personal property to secure the payment of said two notes, respectively, executed by appellant to said Lowe & Co.; that on December 26, 1911, the case came on for trial regularly at a regular term of said court before said justice of the peace; that issue was duly joined between them, the plaintiff in

that case seeking a judgment against appellant on said two notes and a foreclosure of said mortgage liens; that appellant in that case filed his answer therein, alleging as a defense that he was then and there under twenty-one years of age and was at the several times of the making of the said notes and mortgages nineteen years of age; that the said court had jurisdiction and after the said issues had been duly joined between the parties, the case came on to be tried and that appellant appeared and testified as a witness, after being then and there duly sworn by said justice as authorized and required by law and was necessary; that in said trial of the issues so joined between the parties it was a material question whether appellant was under the age of twenty-one years at the time of the filing of his said answer and whether he was under twenty-one years of age at the time he made, signed and executed said notes and mortgages and whether or not he was only nineteen years of age at the time he made, signed and executed said notes and mortgages. And that, after being so sworn on the trial of said issue, he did falsely, wilfully and deliberately before said Justice Court, swear that he was nineteen years of age at the time he was so testifying and was nineteen years old on March 23, 1911, meaning thereby that he was only nineteen years old on March 23, 1911, which said statements were material to the issue in said cause. The indictment then charges traversing the truth of the said testimony of appellant on all these issues, and alleges that he was more than twenty-one years of age at the time he signed and executed said notes and mortgages, and that his said testimony was deliberately and wilfully made and deliberately and wilfully false which he well knew. The testimony also shows that the case was regularly reached for trial; that both sides announced ready; that each side stated their pleadings; that the plaintiff in that case then had appellant duly sworn; that he then testified that he was not twenty-one years of age; that he was only nineteen years of age and that he was only nineteen years of age when he signed said notes and mortgages, and was nineteen years of age on March 23, 1911, and that he was not older than that. Thereupon the plaintiff in that case claimed that it was surprised at said testimony and said plea of minority, and asked the court to permit him to withdraw his announcement of ready and to postpone the trial of the cause for a few days so that he could meet that issue and the testimony just given by appellant; that appellant opposed this and insisted that the trial proceed, but that if it could not be then tried that it be continued until the next term of court, and the court took this action,—continued the case until the next term. The appellant's contention is that this was not a trial and that there was a fatal variance between the allegations of the indictment and the evidence. Our statute prescribes, article 304, Penal Code, that perjury is a false statement, either written or verbal, deliberately and wilfully made relating to something past or present, under the sanction of an oath, where such oath is legally under circumstances in which an oath is required or is necessary for the prosecution or defense of any

private right. And article 308 is that all oaths legally taken in any stage of a judicial proceeding, civil or criminal, in or out of court, are included in the description of this offense. We think that clearly, in contemplation of this law, what occurred, and is alleged and shown in this case, was in truth and in fact a trial of the issue joined which was whether or not appellant was a minor at the time of said trial and when he signed said notes and mortgages, and the court did not err in refusing to peremptorily charge the jury to find for the appellant. There was no fatal variance between the allegations of the material facts and issues in controversy and the proof. As stated by this court in Smith v. State, 7 Texas Crim. App., 382: "Variance is 'a disagreement between the allegation and the proof, in some matter which, in point of law, is essential to the charge or claim.' 1 Greenl. on Ev., sec. 63; 1 Bishop's Cr. Proc., sec. 485. And 'matter which is merely useless never vitiates.' The State v. Elliott, 14 Texas, 423." Warrington v. State, 1 Texas Crim. App., 168. Again, this court in Werbiski v. State, 20 Texas Crim. App., 132, said: "To constitute a fatal variance there must be a material misdescription in the pleadings of the cause of action, such as is calculated to mislead or surprise the adverse party. (McClelland v. Smith, 3 Texas, 210; Warrington v. State, 1 Texas Crim. App., 168.)" 39 Cyc., 1122, defines variance as: "A disagreement between the allegations and the proof in some matter which in point of law is essential to the charge or claim; a substantial departure from the issue in the evidence adduced; an essential difference between the pleadings and the proof." In Skinner v. Grant, 12 Vt., 456, it is said: " 'Variance' means 'material difference.' " It is no variance that the proof does not show all the points in a declaration.

As stated above, the indictment in this case charged that a material issue in the Justice Court was whether or not appellant was at the time a minor and that he was only nineteen years old at the time of said trial and at the time he signed said notes and mortgages; that that issue had been joined in said suit and that that issue was then being tried. It was not essential under the allegations in this case that the cause or issue then being tried should proceed to a final judgment and a final adjudication on the whole merits of the whole case. That the evidence establishes that said issue had been joined between said parties and that it was material and the proof showed that that issue was being tried and that appellant gave material false testimony therein, we think is abundantly established. The court in every way by the charge covered this point completely and fully; first in the main charge, in requiring the jury to find as an affirmative fact, beyond a reasonable doubt, that in said Justice Court cause, issue was duly joined between the plaintiff and the defendants therein and that said cause came on to be tried and was then and there being tried before said court on said issue, before they could convict. Then, in another separate paragraph entirely, the court charged that the indictment alleged that at the time appellant gave the testimony upon which perjury is assigned, said cause

was pending in said Justice Court and was at the time being tried by the presiding justice thereof, and that unless the jury believed from the evidence beyond a reasonable doubt that said cause was being tried, or if they had a reasonable doubt thereof, to acquit appellant. Still, in addition to this, the court gave appellant's special charge No. 6, wherein it is again recited what said indictment charges on this point, stating what the indictment did so charge and told the jury, "You are instructed in this connection that unless you believe beyond a reasonable doubt all of the foregoing allegations to be true, it will be your duty to acquit defendant." And still further, gave another special charge of appellant on this subject: "If you find and believe from the evidence that at the time Ed Poulter testified in the Justice Court, the court was engaged in determining whether or not a continuance of the case should be granted, or if the said Poulter was then being interrogated by said Shropshire in order that the said Shropshire might decide whether he would ask for a postponement of the case, then you will acquit the defendant." All these charges charged the law as favorably, if not much more favorably to appellant, than should have been charged.

The court in the sixth paragraph of his charge did tell the jury correctly what were the material allegations in the indictment upon which perjury was based, following the indictment on that subject, and appellant's complaint that he ought not so to have charged, can not be sustained. Nor can appellant's complaint in his ninth ground of his motion for new trial be sustained, wherein the court submitted to the jury the question as to whether or not appellant swore in the trial in the Justice Court that he was nineteen years old on March 23, 1911 (meaning thereby that he was only nineteen years old on March 23, 1911). The charge in this respect followed substantially, if not literally, the allegations of the indictment and of the proof thereon. The charge on all of the material issues in this and in every other respect followed substantially, if not literally, the allegations in the indictment and the proof thereon submitted. We think it is unnecessary to take up in detail each of appellant's complaints of the charge of the court. What we have said applies to the whole of them without this.

The evidence was abundantly sufficient to sustain and did sustain every material allegation in the indictment and was amply sufficient to show that appellant at the time he swore in the Justice Court that he was then only nineteen years of age he was in fact, at least, twenty-five or twenty-six years of age, and that he knew that he was testifying falsely at the time he testified that he was only nineteen years of age.

We have carefully considered all of appellant's assignments of error and none of them present any reversible error. The judgment will be affirmed.

*Affirmed.*

HARPER, Judge.—In agreeing to the affirmance of this case, I do

not agree that no error is presented in the bill in regard to the cross-examination of the witness, John Poulter, but inasmuch as he was an attorney in the case and did not insist on the objection, and was permitted to explain the entire transaction in a way that would perhaps not prejudice the jury against him, it may not present such error as would call far a reversal, especially as it was waived by appellant. However, I think the charge of murder too remote, and it was not permissible to show whom he had killed, nor were the details of that transaction admissible in evidence.

[Rehearing denied May 30, 1913.—Reporter.]