JOHN WOOLDRIDGE v. THE STATE.

No. 5518.   Decided December 3, 1919.

Rehearing denied January 14, 1920.

1.—Assault to Rape—Sufficiency of the Evidence.

Where, upon trial of rape and assault to rape, the defendant was convicted for assault with intent to rape upon a female under the age of consent, and the evidence supported the conviction, there was no reversible error.

2.—Same—Age of Prosecutrix—Opinion of Witnesses.

Upon trial of assault with intent to rape, there was no error in admitting the testimony of the managers of an orphanage who intimately knew the prosecutrix, and who stated as their opinion that she was at the time of the commission of the offense twelve or thirteen years of age, and that weight of this testimony was for the jury, and this court cannot conclude that it was insufficient to support the verdict.

3.—Same—Evidence—Age of Prosecutrix—Proof of Age—Rule Stated.

Upon trial of assault with intent to rape there was no error in admitting testimony by the prosecutrix that all she knew as to her age she got from defendant, who told her that she was only a year and one-half old when he adopted her which would make her thirteen years of age at the time of the commission of the offense. Following: Sheppard v. State, 56 Texas Crim. Rep., 605, and other cases; besides, there was testimony of witnesses who heard defendant testify at another time and place who bore out the testimony of prosecutrix.

4.—Same—Expert Opinion—Age of Prosecutrix.

We doubt if expert opinion is a necessary condition in the instant case, but, if it, were the two State's witnesses who based their opinion on the appearance, etc., as to the age of the prosecutrix, were shown to be qualified experts. Following: Donley v. State, 71 S. W. Rep., 958, and other cases.

5.—Same—Force—Charge of Court—Penetration.

Where, upon trial of assault to rape, the evidence showed that there was sufficient force to effect penetration and this was pointedly submitted in the court's charge to the jury, there was no reversible error.

6.—Same—Age of Prosecutrix—Loco Parentis—Evidence.

The evidence of the prosecutrix that defendant told her her age, was admissible both as a statement against the interest made by the accused, and as a statement relative to her age made by one standing in loco parentis.

7.—Same—Function of Jury—Discretion—Practice on Appeal.

The jury are primarily the judges of the credibility of the witnesses and the weight to be given their testimony, and unless there appears a manifest abuse of their discretion in these matters, the verdict will not be disturbed.

**8.—Same—Credibility of Witness—Sufficiency of the Evidence.**

The matters in evidence concerning a certain letter written by prose-cutrix after the alleged commission of the offense, etc., attacking her credi-bility does not justify this court to hold that the jury had no right to accept as true her testimony against the defendant.

**9.—Same—Assault to Rape—Sufficiency of the Evidence.**

The contention that the conviction of assault with intent to rape is unwarranted because of the fact that prosecutrix testified to the completion of the act of sexual intercourse is untenable as the testimony of the physician showed that at the time of his examination the private parts of the alleged female were inflamed, sore, etc., and that probably only partial or attempted intercourse was effected, and the jury was justified in finding their ver-dict.

**10.—Same—Force—Female Under Age—Charge of Court.**

Where, upon trial of assault with intent to rape upon a female under the age of consent, the evidence was sufficient to show that character of force necessary under our decision and the statute, under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Falls. Tried below before the Hon. Prentice Oltorf, judge.

Appeal from a conviction of assault with intent to rape; penalty, fours years imprisonment in the penitentiary.

The opinion states the case.

*Llewellyn & Kitching,* for appellant.—On question of age of prosecutrix: Hernandez v. State 63 S. W. Rep., 320; Tull v. State, 55 Id., 61; Danley v. State, 71 id., 959.

*C. M. Cureton,* Attorney General, *Jno. C. Wall,* Assistant Attorney General, for the State.—On question of age of prosecutrix: Mireles v. State, 204 S. W. Rep., 861, and cases stated in opinion.

On question of court's charge on submitting assault with intent to rape. Herbert v. State, S. W. Rep., 653; Croomes v. State, 57 id., 924; Blair v. State, 60 id., 879; Sanders v. State, 54 Texas Crim. Rep., 171, 112 S. W. Rep., 938; Jones v. State, 68 Ga., 7660; Boyd v. State, 74 id., 356; Polson v. State, 137 Ind., 519; Pratt v. State, 51 Ark., 167; State v. Sheppard, 7 Conn., 54.

LATTIMORE, JUDGE.—In this case, appellant was charged in the District Court of Falls County, by an indictment containing a number of counts, among which were rape, assault with intent to rape, etc. On the trial, the court submitted to the jury only the count charging rape, and the count charging assault with intent to rape; and under this charge appellant was convicted of assault with intent to rape, and his punishment was fixed at four years confinement in the penitentiary, from which he appeals. The in-jured female was alleged to be under the age of consent.

The appellant first claims that the verdict is without support, by reason of lack of evidence as to the non-age of the prosecutrix. Upon this point it will be noted that the girl swore that she was thirteen years old at the time of the alleged offense. Mr. and Mrs. R. A. Burroughs each testified that they were familiar with children and their ages, by reason of having been managers for a number of years of an orphanage where there were several hundred children, and that they saw the girl in question soon after this offense was alleged to have been committed, and when she was brought to the Orphanage; that they had known her intimately since, and that in their judgment she was at that time twelve or thirteen years of age. The weight of this testimony was for the jury, and we are unable to conclude that the jury's belief of the same was not sufficient to justify their verdict.

A bill of exceptions was reserved to the action of the trial court in overruling appellant's objection to allowing the prosecutrix to state her age, but no ground of this exception is set up in the bill. The girl stated that all she knew as to her age she got from appellant, who had adopted her when she was a baby; that he had told her that she was only a year and a half old when he adopted her, which would make her thirteen at the time of this prosecution.

It is the law of this State that such a witness might state her age, based on what her parents had told her. Sheppard v. State, 56 Tex. Crim. Rep., 605; Curry v. State, 50 Tex. Crim. Rep., 159.

We think this rule applies to one testifying to her age, based on statements made to her by one who had adopted her when an infant, and who then stood to her *in loco parentis*, and from whose statements she derived her only knowledge as to her age. In this case, however, the testimony of the girl on this point is supplemented by that of two witnesses, who stated that they heard appellant testify at another time and place that he had adopted the child when only a year and a half old.

The second contention of appellant is contained in his second assignment of error, and has been substantially disposed of in what we have just stated, the said contention being that the trial court should not have allowed the prosecutrix to state her age, the same being based on what appellant had told her.

There appear in the record two bills of exceptions, substantially alike, reserved to the action of the court in admitting the testimony of Mr. and Mrs. Burroughs, the objection being that their testimony as to the age of the prosecutrix, based on her appearance, etc., was merely an opinion, and they not being experts, should not be allowed to give such opinion. We doubt if expertness is a necessary condition in such case, but if it were, these two had that experience which qualified them to testify as experts. In Donley v. State, 71 S. W. R., 958, this court held it error for a trial court to refuse to permit certain witnesses to testify that they knew the prosecutrix

some years before, and from her size and appearance at that time, in their opinions she was about eight years old. See, also, Donley v. State, 44 Tex. Crim. Rep., 42; Bice v. State, 37 Tex. Crim. Rep., 38; Poulter, 70 Texas Crim. Rep., 197, 157 S. W. R., 166.

The court submitted in his charge assault to rape as well as rape, and there was an exception to the charge on assault with intent to rape, because there was no evidence of force. In this character of rape, or assault to rape, only so much force is required as may be necessary to effect penetration, and this was plainly testified to by the prosecutrix, and the law applicable to such force was pointedly submitted to the jury.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

January 14, 1920.

LATTIMORE, JUDGE.—Appellant brings this case before us upon his motion for rehearing. We have carefully reviewed the record, and see no reason for changing our former opinion.

The evidence of the prosecutrix that appellant told her her age, was admissible, both as a statement against his interest made by the accused, and as a statement relative to her age made by one standing *in loco parentis.*

The jury are primarily the judges of the credibility of the witnesses, and the weight to be given their testimony, and unless there appears a manifest abuse of their discretion in these matters, a verdict shold not be disturbed by us.

We do not think the statement made to the witness Woodward by the prosecutrix, nor the letter written by her to appellant, after the alleged commission of the offense, constitute such matters as would justify us in saying that the jury had no right to accept as true her statement of appellant's treatment of her.

Nor do we think a conviction of assault with intent to rape, unwarranted because of the fact that prosecutrix testified that appellant had sexual intercourse with her, while the doctor who examined her shortly after the occurrence, testified that because of the smallness of her private parts, in his opinion, a man could only have had partial intercourse with her. The physician said that at the time of his examination, the private parts were inflamed and sore and very tender, and coupled with her statement as to what appellant had done to her, we think the jury were in their province in concluding that what she thought to be an act of intercourse, was no more than an attempt on the part of the appellant.

We also think the testimony sufficiently strong to show that character of force necessary under our decisions and statutes, when the assaulted party is under the age of consent, and that the court's charge with reference thereto was not error.

The motion for rehearing is overruled.

*Overruled*