CLAUDE GROCE v. THE STATE.

No. 16371. Delivered March 28, 1934.

The opinion states the case.

*Ben F. Gafford,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for attempt to rape; punishment, two years in the penitentiary.

We are not favored with a brief by either the State or the appellant in this case. The facts show that appellant in his car took prosecutrix, a girl under eighteen years of age, some distance out in the country from Sherman, Grayson County,

Texas, to where he turned up a lane, parked his car and there attempted to have carnal knowledge of said girl,—all of which he admitted as a witness in his own behalf, but claimed to have acted with her consent. She being under the age of consent, there is no merit in appellant's various contentions resting such claims on said proposition.

Appellant's special charge No. 1 sought to have the jury instructed on the law of aggravated assault, which we think not in the case, and therefore conclude that said charge was properly refused. Special charge No. 2 asked that the jury be told that if the girl gave her consent to have intercourse with appellant, or if from her conduct same could be reasonably implied, the jury should acquit. This is clearly in the face of the statute denying to a girl under eighteen years of age the legal power to give such consent. A special charge that the jury should not consider a statement of counsel for the State in argument, is presented in a bill of exceptions which is so qualified as that the bill presents no error.

Bill of exceptions No. 1 complains of the refusal to grant a new trial sought on the ground that the offense charged was an attempt to rape,—while that proved was an assault with intent to commit rape,—hence a variance. Appellant as a witness denied any assault upon prosecutrix, save that he admitted taking hold of her with her consent, that he fondled her person and tried to have sexual intercourse with her both in a car and on the ground, without the accomplishment of his desires. The testimony of the girl in many respects lends color to the theory of willingness. She said that she knew appellant was a married man before he took her out in the country, and before he parked his car in the lane mentioned. She testified that he put his arms around her, kissed her, felt of her breast, etc. She also admitted that when a car came up behind them and honked, and appellant had to back his car out and let young Bradshaw, who was driving said other car, go through, that she made no effort to communicate with Bradshaw, and did nothing indicating to Bradshaw her objection to what was going on. She testified that before Bradshaw came up appellant had told her what his intentions were in regard to having intercourse with her; that he had unbuttoned his pants, and had put his hand in her bosom, etc. Bradshaw, who was a witness in the case, swore that when he drove up behind appellant's car, appellant was on top of the woman in the car, and when witness honked his car appellant got under the wheel, moved his car, and that the woman in said car covered up her head and "scooted down in the car," so witness could not tell who she was. It appears to

us not at all unlikely that the jury accepted appellant's testimony and theory of the case in regard to what he did to this girl, but they were compelled under the law to find a verdict of guilty. They gave appellant the lowest penalty.

We have held that to constitute rape upon a female under the age of consent, no more force is required than such as may be necessary to effect penetration. Edwards v. State, 78 Tex Crim. Rep., 210; Rodgers v. State, 30 Texas App., 510; Vaughn v. State, 62 Texas Crim. Rep., 24, and have made the same holding in assault to rape cases. Wooldridge v. State, 86 Texas Crim. Rep., 348. We see no reason why it should not be held in attempt to rape cases that proof showing an intent, coupled with an attempt to penetrate a girl under the age of consent, would be sufficient to make out a case. Franklin v. State, 34 Texas Crim. Rep., 203; Shipp v. State, 81 Texas Crim. Rep., 328. Appellant excepted to the court's charge for its failure to submit to the jury the general reputation for chastity of the prosecutrix. We held in Norman v. State, 89 Texas Crim. Rep., 330, and McWhorter v. State, 93 Texas Crim. Rep., 385, and others, that proof of general bad reputation for chastity could not be used to establish the previous unchastity of the injured female in a rape case in which the accused defends on the theory that he is not guilty because, forsooth, the girl under eighteen and over fifteen years of age, and with whom he had intercourse, was unchaste. When the question of consent vel non is a material issue, we have held that proof of the general bad reputation for chastity of the prosecutrix is admissible as tending to show consent, but there was and can be no defense in a case like this based on consent, hence evidence merely tending to show consent would be of no materiality.

By various bills of exception appellant presents the matters relating to the refusal of his special charges, which we have above referred to.

A continuance was asked for two absent witnesses. The bill of exceptions, presenting the supposed error of its refusal, is qualified by the trial court, who says no diligence was shown. No process of any kind was exhibited in connection with the application for continuance, or motion for new trial based on the refusal of same. We have often held that the matter of diligence is one that must be affirmatively shown, the burden to show same being on the accused. We are compelled to accept as true the qualification of the court placed on the bill.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*