### LOWELL TACKETT v. THE STATE.

No. 19983.  Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Stephens & Sams,* of Benjamin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for an assault with intent to commit rape; punishment is assessed at confinement in the state penitentiary for a term of five years.

Appellant's first contention is that the evidence is insufficient to sustain a conviction of an assault with intent to commit rape. He takes the position that if the State's testimony shows him to be guilty of any offense, it is either rape or aggravated assault and not assault with intent to rape. A careful review of the testimony leads us to a different conclusion.

The injured female testified that she was 17 years of age at the time of the alleged offense; that on the night in question, accompanied by another young couple, she and the appellant went for a ride in a pick-up car. After they had crossed the Brazos River into Knox County, they parked on the side of the road and both of them got out and walked across the bridge, leaving the other couple in the car. That appellant took her by the arm, pushed her down the embankment into a narrow ditch and by force had sexual intercourse with her. That while she resisted with all her might, she finally became exhausted. After her release she ran back to the car and told her girl companion, Miss Herring, what had happened. Miss Herring called appellant and told him that he was "low down and dirty" and appellant replied: "I am sure nothing won't happen to her because she did not ever give over enough for that."

Appellant testified in his own behalf and substantially admitted all the facts testified to by prosecutrix except the fact of intercourse. We quote from his testimony as follows: "When we started across the bridge she stopped three or four times; she was a little shy and I saw that she expected I might try to be a little brutal to her and I talked her out of it * * * I was loving her and I picked her up and laid her down on the ground and she suspicioned then what I was going to do * * * I got on top of her and put my hand under her dress and then got more on top of her * * * She was fighting strong * * * I let her up and her feelings was hurt. She was crying and very angry."

He further testified that when she refused to yield, he let her alone.

On the following day, prosecutrix was examined by Dr. Edwards, who testified that he found several bruised places on her body and that the hymen had been recently ruptured, indicating that she had been penetrated. It will be noted from the

foregoing brief statement of the testimony that a question of fact was raised as to whether he raped her or merely made an assault upon her with the intent to rape. We think it was rather fortunate for him that the jury accepted his version of the affair instead of that of prosecutrix, as they might have dealt with him more severely. See Bratton v. State, 111 S. W. (2d), 259.

We are not unmindful of the general rule that in order to convict a defendant of an assault with intent to commit rape, the evidence should not only show an assault, but also that the defendant entertained the specific intent then and there to have carnal intercourse with the assaulted female notwithstanding any resistance on her part. The testimony shows that appellant assaulted prosecutrix—that he got on top of her and attempted to have intercourse with her and that she resisted with all her might. The fact that subsequent to the assault he abandoned his design would not extenuate or reduce the offense. What circumstances may have operated on his mind and caused him to relinquish the assault and his intent is not shown. It may have been that her determined opposition and fighting, or the prolonged contest and resistance was the cause of the abandonment of his intent. See Ross v. State, 132 S. W. 793.

Bill of exception number one reflects the following occurrence. Before announcing ready for trial, appellant filed two motions; one asking the court to require the prosecutrix to submit to a physical examination by Dr. Davis of Mundy, Texas, and the other a motion for postponement until such time as Dr. Davis should have completed the examination. It is charged in the motion that appellant believed a physical examination of prosecutrix would reveal the fact that she was a virgin. That Dr. Edwards, who had examined her at the instance of the State, was highly prejudiced in favor of the State and against him.

The trial court states in his qualification of the bill that Dr. Davis was at the time in New York City, beyond the jurisdiction of the court. That he tendered to appellant the services of reputable doctors residing in the vicinity but their services were declined. We think the court's action in the matter and his suggestions with reference thereto were extremely fair. Under these circumstances we fail to see any error in his action.

Appellant also complained of the court's action in overruling his motion for a continuance based on the absence of Dr. Davis and Miss Elizabeth Daniels. Since Dr. Davis was

beyond the jurisdiction of the court and appellant was offered the services of other reputable physicians but failed to avail himself thereof, we do not perceive any error in this respect.

It appears from the application that appellant expected to prove by Miss Daniels that she had been with him, the appellant, on many occasions when they were alone and that he had never taken any undue liberties with her and had always conducted himself like a gentleman. This testimony would not have been admissible or material.

Appellant urged a number of objections to the court's charge. Many of them are too general and do not specifically point out the error complained of as required by Art. 658, C. C. P. His main contention seems to be that the court erred in instructing the jury upon the law relative to an assault with intent to commit rape. He based his objection upon the ground that the evidence failed to raise the issue. We are unable to agree with him. The issue was raised by his own testimony.

We note, moreover, that the court instructed the jury upon the law of rape, assault with intent to rape, aggravated assault and upon his affirmative defenses. We believe that said instructions were all that he was entitled to under the facts.

No error of a reversible nature appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant renews his contention that the verdict is contrary to the law and the evidence, in that if the State's version of the transaction had been accepted the jury would have been bound to find appellant guilty of rape; whereas, if appellant's version had been accepted there was not sufficient evidence to sustain the conviction for assault with intent to rape. We are unable to agree with this contention. Art. 694, C. C. P., provides:

"In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included."

Subdivision 9 of Art. 753, C. C. P., provides:

"A verdict is not contrary to the law and evidence, within

the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved."

The offense of rape includes an assault with intent to rape. In Carter v. State, 51 S. W. (2d) 316, we held that a conviction for aggravated assault would be sustained under an indictment charging rape, though the evidence established the offense of rape. In Gatlin v. State, 217 S. W. 698, and Campbell v. State, 144 S. W. 966, it was held that a conviction of an inferior grade of homicide would be sustained notwithstanding the evidence showed that a greater offense had been committed. See also Jabalie v. State, 81 S. W. (2d) 509.

We are still of the opinion that the trial court was warranted in overruling the appellant's application for a continuance.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.