Felix **FLORES**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 44027.

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Rehearing Denied Nov. 16, 1971.

A. W. Salyars, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., and Bob D. Odom, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of attempted burglary; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant alleges sixteen grounds of error. First, he contends the state was permitted to introduce evidence of an entry into the building whereas the indictment alleged an attempted burglary.

The record reflects that in the early morning hours of September 9, 1969, appellant and Joe Buentello were arrested as they crouched, hidden, in an L-shaped enclosure at the rear of a Seven-Eleven Store in Lubbock. The lower portion of the rear wall of the store had been hammered or

chipped away, making a hole approximately 12 x 20 inches in size. Appellant and Buentello both had "white chalky stuff" on their clothing that matched the debris near the hole in the wall.

■ Appellant contends that proof of the hole in the wall, coupled with his statement that "we were the only ones in there," constituted proof of burglary. We agree. However, appellant cannot complain that the evidence of the state showed him guilty of the greater offense of burglary, but not the offense of attempted burglary of which the jury found him guilty. See Nielson v. State, Tex.Cr.App., 437 S.W.2d 862; Martinez v. State, 161 Tex.Cr.R. 494, 278 S.W. 2d 156; Carr v. State, 158 Tex.Cr.R. 337, 255 S.W.2d 870; Tackett v. State, 136 Tex. Cr.R. 445, 125 S.W.2d 603; Crowder v. State, 78 Tex.Cr.R. 344, 180 S.W. 706.

In Nielson . v. State, supra, this court stated:

"What sensible end can be served by the bald proposition that when the indictment alleges only an 'attempt' there must be an acquittal if the evidence shows the accused went further than the State charged."

Then the court quoted from State v. Mathis, 47 N.J. 455, 221 A.2d 529, wherein the Supreme Court of New Jersey said: "Surely an 'attempt' is not so divorced from the completed crime that the charge of one gives no suggestion of the other."

In Nielson the defendant was charged and convicted of attempted rape and the proof showed the completed act. We conclude that the same principle is applicable to the instant case, i. e. where charged and convicted of attempted burglary and the state's evidence shows burglary. We overrule Cordero v. State, 132 Tex.Cr.R. 93, 103 S.W.2d 157, and any other cases contrary to our holding herein.

Appellant's first ground of error is overruled.

Next, by ground of error number two, appellant contends that his motion for mistrial should have been granted. The motion was that a juror read a newspaper article[1] that stated appellant was being tried as an habitual criminal, thereby rendering it impossible for the jury to give him a fair trial.

The record reflects that, on the morning after the appearance of such article, appellant moved for a mistrial and requested the court to inquire of the jury whether any of them had read the article. The following is revealed:

"THE COURT: Ladies and Gentlemen of the Jury, the Court has a question that I want to ask this jury as a group, and listen carefully to the question that the Court will ask you, and it can be answered with yes or no. But wait until I call for the answer. Is there anyone on this jury who read any article about this case in this morning's copy of the Avalanche-Journal? If you have read any such story, will you simply answer yes?

1. The newspaper article referred to reads, in part:
"In another 99th District Court case, Felix Navarette Flores, 30, of 2806 Cornell St. went on trial Thursday for attempted burglary last Sept. 9 at a Seven-Eleven Store at 5119 University Ave.
"Flores is being tried under an habitual criminal indictment which alleges two prior felony convictions. If Flores is found guilty of the attempted burglary charge a life prison sentence will be mandatory.

"Police arrested Flores and Joe Buentello, 20, 3107 Itasca St. hiding behind some trash cans at the rear of the drive-in grocery store last Sept. 9. Officers said a hole measuring one-foot by two-feet had been knocked in the wall.

"Buentello was found guilty of attempted burglary Jan. 14 and Judge Davison sentenced him to four years in the penitentiary.

"The jury is scheduled to hear more testimony today."

\* \* \* \* \* \*

"A JUROR: Yes, sir, I saw the headline on there and I started reading it and I discontinued it.

"THE COURT: You discontinued it?

"A JUROR: Yes, sir."

Appellant maintains that this constituted receiving additional evidence by the jury.

■■ We note that only one juror responded that he "started reading" the newspaper article, and he discontinued it. Therefore, there is no showing that the said juror read the part therein which referred to appellant as being tried as an habitual criminal. Even if this had been in fact developed, appellant would have to show that it operated to injure or prejudice him. Johnson v. State, Tex.Cr.App., 421 S.W.2d 114; Banner v. State, 154 Tex.Cr.R. 153, 225 S.W.2d 975; Moore v. State, 36 Tex.Cr.R. 88, 35 S.W. 668.

The second ground of error is overruled.

■ Appellant's third ground of error is that the trial court reversibly erred by overruling his objection to the arresting officer testifying that appellant admitted he and another entered the building. He cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and contends that he should have been given the Miranda warning prior to making a statement, since he was under arrest.

The testimony reveals that the officers were in the process of searching appellant and Buentello a few seconds after the arrest and within six to seven feet of the point where the officers first saw them. Officer Baker testified that he did not have time to give a warning. The record then shows the following:

"Q. (By the prosecutor) Did Felix Flores at that time say anything?

"A. Yes, sir, at that time we had them in a search position. Another (police) car drove up, and I told them to check the front because there might be someone inside the store.

"Q. All right. Now, Officer, what did he say at that time?

"A. He said, 'No, we were the only ones in there.'"

First, we note that the statement was not in response to a question asked him. Next, it was made almost simultaneously with the arrest. Such statement was admissible as part of the res gestae. See DeHart v. State, Tex.Cr.App., 468 S.W.2d 435; Foote v. State, Tex.Cr.App., 463 S.W.2d 445; Tilley v. State, Tex.Cr.App., 462 S.W.2d 594. See also Taylor v. State, Tex.Cr.App., 420 S.W.2d 601.

Ground of error number three is overruled.

■ Grounds of error four through eight relate to the enhancement portion of the indictment. Appellant moved to quash the indictment in its entirety, to quash the enhancement portions of the indictment, to prohibit the prosecutor from reading the enhancement provisions to the jury, and to prohibit the introduction of evidence pertaining to the enhancement paragraphs of the indictment. His contention is that the enhancement paragraphs of the indictment which raised the maximum penalty from 4 years to life imprisonment violate Article 1, Sec. 19, of the Constitution of the State of Texas, Vernon's Ann.St. and the 8th and 14th Amendments to the United States Constitution prohibiting cruel and unusual punishment. This question has been decided contrary to appellant's contention, and we adhere to such decisions. See Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804; Oler v. State, Tex.Cr.App., 378 S.W.2d 857; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Ex parte Breen, 171 Tex.Cr.R. 669, 353 S.W.2d 233; Finley v. State, 161 Tex. Cr.R. 458, 278 S.W.2d 864; Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, cert. denied, 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661. Cf. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

Appellant's contention that the crime herein involved was "trivial in nature" and therefore implies its unsuitability for enhancement purposes under Article 63, V.A.P.C., is without merit. Beasley v. State, Tex.Cr.App., 389 S.W.2d 299, cert. denied, 382 U.S. 990, 86 S.Ct. 566, 15 L.Ed. 2d 477. The contention that the statute constitutes cruel and unusual punishment is also without merit. See Cherry v. State, Tex.Cr.App., 447 S.W.2d 154. See also Bennett v. State, Tex.Cr.App., 455 S.W.2d 239.

No error having been shown, grounds of error 4, 5, 6, 7, and 8 are overruled.

The remaining grounds of error have been examined, and we find them to be without merit.

Finding no reversible error, the judgment is affirmed.