**Howard HILL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49650.**

Court of Criminal Appeals of Texas.

April 9, 1975.

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love and Richard Worthy, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant, upon an indictment charging burglary, was convicted of attempt to commit burglary. Punishment was assessed at three (3) years.

The indictment alleged that appellant:

"   .   .   .   did unlawfully, by force, threats and fraud, break and enter a house there situate and occupied and controlled by Norma Richardson, hereinafter styled complainant, without the consent of the said complainant, and with the intent then and there on the part of him, the said defendant, fraudulently to take from said house corporeal personal property therein being, and belonging to the said complainant, from the possession of the said complainant, without the consent of him (sic) the said complainant, and with the intent to deprive the said complainant, the owner of said corporeal personal property of the value thereof, and with the intent to appropriate the same to the use and benefit of him, the said defendant.   .   .   ."

With the agreement of the State the charge of a consummated burglary was "reduced" to attempt to commit burglary.

Appellant then waived trial by jury and entered a plea of guilty before the court.

The issue before us is whether, under an indictment charging an accused with the consummated act of burglary under Article 1390, Vernon's Ann.P.C. (1925), an accused can be convicted of an attempt to commit burglary under Article 1402, Vernon's Ann.P.C. (1925).

In Freeman v. State, 146 Tex.Cr.R. 236, 172 S.W.2d 309 (1943), it is stated:

"The crime of attempt to commit burglary is consummated by an attempt carried beyond mere preparation but falling short of the ultimate, or consummated crime of burglary (Art. 1402, P.C.). Hence, if the indictment charges the consummated crime of burglary, it does not charge the offense of attempt to commit that crime." [1]

However, in Martinez v. State, 161 Tex.Cr.R. 494, 278 S.W.2d 156 (1955), this Court observed that the rule in Article 753, Vernon's Ann.C.C.P. (1925), now Article 40.03, Vernon's Ann.C.C.P. (1965), Section 9, providing that a new trial shall be granted where the verdict is contrary to the law and the evidence, is limited by the proviso:

"A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved."

In Martinez, supra, this Court further stated:

"We have held that one indicted for rape, and shown by the evidence to be guilty of that offense, may not complain that he was acquitted of rape and convicted of the lesser included offense of assault with intent to rape. Tackett v. State, 136 Tex.Cr.R. 445, 125 S.W. assault, Carter v. State, 121 Tex.Cr.R. 337, 255 S.W.2d 870, or of aggravated assault, Carter v. State, 121 TexCr.R. 493, 51 S.W.2d 316. It cannot be denied that attempt to rape is an offense of inferior grade to, but of the same nature as the offense of rape. The same rule should therefore apply."

■ Although we have been unable to find a statute which provides for burglary (as Article 1190, V.A.P.C., does for rape) that an attempt to commit the crime is a lesser and included offense of the consummated crime (Cf. Article 37.09, Vernon's Ann.C.C.P.[2] prior to its amend-

---

1. The indictment in *Freeman* charged:
   ". . . John Freeman did, then and there unlawfully, by force, attempt to break and enter a house there situate, and occupied and controlled by Claud Mings, with the intent then and there to fraudulently take therefrom corporeal personal property therein being and belonging to the said Claud Mings from the possession of the said Claud Mings without the consent of the said Claud Mings and with the intent to deprive the said Claud Mings the owner of said corporeal personal property of the value thereof and to appropriate it to the use and benefit of him, the said John Freeman, and the said John Freeman did then and there in carrying out said design to break and enter said house with the intent aforesaid, by force open a wire screen door covering an opening in said house, with the intent then and there to so enter."
   This indictment, it was held, charged the offense of attempt to commit burglary. It does not, however, define the term "attempt",

which is "an endeavor to accomplish the crime of burglary carried beyond mere preparation, but falling short of the ultimate design in any part of it." Article 1402, supra.

2. Prior to January 1, 1974, Article 37.09, supra, read as follows:
   "The following offense include different degrees:
   1. Murder, which includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder;
   2. An assault with intent to commit any felony, which includes all assaults of an inferior degree;
   3. Maiming, which includes aggravated and simple assault and battery;
   4. Burglary, which includes every species of house breaking and theft or other felony when charged in the indictment in connection with the burglary;
   5. Riot, which includes unlawful assembly;

ment effective January 1, 1974), we think the reasoning in *Martinez,* supra, is applicable here. It cannot be denied that attempt to commit burglary is an offense of inferior grade to, but the same nature as the consummated offense of burglary.

In Cordero v. State, 132 Tex.Cr.R. 93, 103 S.W.2d 157 (1937), this Court held that where the evidence showed a consummated burglary a conviction could not be sustained under an indictment charging only attempted burglary. However, Flores v. State, 472 S.W.2d 146 (Tex.Cr.App. 1971), specifically overruled *Cordero.* The situation in *Flores,* supra, is the converse of the situation in the instant case. Flores had been indicted for attempt to commit burglary. He contended on appeal that the evidence showed the consummated crime of burglary and this Court agreed. There we stated:

"However, appellant cannot complain that the evidence of the state showed him guilty of the greater offense of burglary, but not the offense of attempted burglary of which the jury found him guilty." (Citations omitted.)

In Nielson v. State, 437 S.W.2d 862 (Tex.Cr.App. 1969), this Court held that conviction for an attempt to commit rape would be sustained even though the evidence showed the completed offense of rape. After discussing numerous authorities, this Court then quoted from State v. Mathis, 47 N.J. 455, 221 A.2d 529, wherein the Supreme Court of New Jersey said:

"Surely an 'attempt' is not so divorced from the completed crime that the charge of one gives no suggestion of the other."

 The decisions in *Martinez, Nielson,* and *Flores* lead us to the conclusion that an attempt to commit burglary is a lesser included offense of the consummated act of burglary. Clearly, an indictment for the consummated offense of burglary puts a person charged on notice that he is also charged with an attempt to commit the same. Consequently, we hold that under an indictment charging the consummated offense of burglary one may be convicted of an attempt to commit the burglary alleged. To the extent that Freeman v. State, supra, or any other cases are in conflict with this opinion, they are overruled.

There being no reversible error, the judgment is affirmed.

6. Kidnapping or abduction, which includes false imprisonment; and

7. Every offense against the person includes within its assaults with intent to commit said offense, when such attempt is a violation of the penal law."

On January 1, 1974, Article 37.09, supra, was amended to read as follows:

"An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense."