

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00394-CR

CALIP JOSEPH FARMER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 23,104-C, Honorable Ana Estevez, Presiding

December 5, 2013

# OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Calip Joseph Farmer appeals his conviction of attempted burglary of a habitation. The latter was a lesser included offense submitted to the jury after the trial court instructed a verdict on the greater offense of burglarizing a habitation. The issues before us can be placed in two categories. The first group involves the decision to submit the lesser offense once the trial court acquitted appellant of the greater; according to appellant, the trial court lost jurisdiction over the proceeding at that point.

The second category involves the failure to submit to the jury another lesser included offense of criminal trespass. We affirm.

*Loss of Jurisdiction*

According to appellant, "the trial Court's granting of the instructed verdict based on insufficient evidence was an acquittal and terminated the court's jurisdiction. Any further proceedings violated Appellant's rights under the United States and Texas Constitutions." Though the argument is novel and interesting, we must overrule it.

Via the indictment, appellant was charged with "intentionally and knowingly, enter[ing] a habitation, without the effective consent of Victoria Hagins, the owner thereof, and therein attempted to commit and committed theft." Upon conclusion of the State's presentation of evidence, appellant moved for an instructed verdict of not guilty because "[t]here has been no evidence of 'therein' - - which would have to infer inside the house – 'attempt to commit and commit theft.'" The prosecutor replied that "I tend to agree. We, however, have established attempted burglary, and would seek to proceed and have that submitted to the jury." The trial court agreed to instruct a verdict on the burglary charge because there "was no evidence of any type of theft." It also opted to submit an instruction on the offense of attempted burglary of a habitation.

With the advent of *Hall v. State,* 225 S.W.3d 524 (Tex. Crim. App. 2007), the pleadings test is used to determine the availability of a lesser included offense. Per that test, the elements and facts alleged in the charging instrument determine the availability of lesser included offenses. *Id.* at 535-36. That is, the State may expressly plead the elements of the lesser offense in the indictment. Or, as said in *Hall*, "the elements of

the lesser offense do not have to be pleaded if they can be deduced from the facts alleged in the indictment." *Id.* at 535. Furthermore, the test was adopted to avoid due process concerns related to the provision of notice about the charges against which the accused had to defend. *Id.* If the language in the indictment failed to inform the accused of those charges, then he would be denied due process. *See Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009) (stating that the indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may prepare a defense.) Given this, we make the following observation. The lesser included offense is as much a part of the charging instrument as is the greater offense. While the State may not expressly label it a "lesser included offense," it necessarily lays within the four corners of the instrument ready to be seen and pursued by either litigant. If this was not so, then the Court of Criminal Appeals had no reason to adopt and apply the *Hall* pleading test.

The foregoing observation is also of import because it supplies the answer to appellant's question regarding the trial court's jurisdiction to continue after granting the motion for an instructed verdict. Simply put, the prosecution was not over. The court remained obligated to adjudicate other charges encompassed by the indictment, assuming the State sought to prosecute them. One such charge was the lesser included offense of attempted burglary of a habitation. That it was such a lesser included offense of burglarizing a habitation is not something that can be reasonably denied. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(4) (West 2006) (providing that an offense is a lesser included offense if it consists of an attempt to commit the offense

3

charged); *see also Hill v. State*, 521 S.W.2d 253, 255 (Tex. Crim. App. 1975) (holding that an attempted burglary is a lesser included offense of burglary). Nor can it be denied that the State sought to prosecute it. So, the trial court was obligated to continue until the claim was disposed of or otherwise adjudicated.

*Amending the Indictment*

Next, appellant contends that the State's effort to pursue the lesser offense at bar constituted an improper attempt to amend the indictment. We overrule this issue as well.

The State is free to abandon the greater offense alleged in the indictment and pursue the lesser included crime. *Grey v. State*, 298 S.W.3d 644, 650 (Tex. Crim. App. 2009) (stating that "[i]f the State can abandon the charged offense in favor of a lesser-included offense, there is no logical reason why the State could not abandon its unqualified pursuit of the charged offense in favor of a qualified pursuit that includes the prosecution of a lesser-included offense in the alternative"). More importantly, the decision to abandon the greater and pursue the lesser does not constitute an amendment to the indictment. *Balentine v. State,* No. PD-1102-11, 2012 Tex. Crim. App. Unpub. LEXIS, 899 at *3-4 (Tex. Crim. App. September 12, 2012); *Eastep v. State*, 941 S.W.2d 130, 134 (Tex. Crim. App. 1997). Logically, this is so because it already exists within the indictment and requires no amendment to propose it.

*Submitting the Lesser Included Offense of Attempted Burglary*

Appellant also suggests that attempted burglary of a habitation was not a lesser offense here because the trial court found there was no evidence of either an attempted or completed theft. We overrule the issue.

Appellant is mistaken in suggesting that the trial court granted the instructed verdict upon finding that he committed neither an actual or attempted theft. No such ubiquitous finding was made. Instead, the trial court said it was ". . . going to grant the instructed verdict on burglary based on the fact that there was no evidence of any type of *theft.*" (Emphasis added.) In other words, the trial court found that appellant did not commit theft. It said nothing about the absence of evidence regarding any type of "attempted theft," as also alleged in the indictment.

*Lesser Included Offense of Criminal Trespass*

Appellant next argues that the trial court should have submitted to the jury the lesser included offense of criminal trespass. We overrule the issue.

This contention is premised on the supposition that the trial court instructed a verdict because there was no evidence of either theft or attempted theft. But, as illustrated above, the trial court made no such finding *viz* attempted theft. Nor does appellant cite us to any evidence of record from which a jury could reasonably infer the absence of an attempted theft by the person who parked in the alley, cut the latch on the back gate, and broke the backdoor window of the house before leaving. *See Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (noting that criminal trespass may

be a lesser included offense of burglary of a habitation, but there must be some evidence in the record directly germane to criminal trespass).

*Denying New Trial*

The last issue we address is that concerning the trial court's refusal to grant appellant a new trial. In urging this point, appellant simply incorporated the argument underlying one or more of the issues we previously addressed. Because we found none of those issues meritorious, we find no error in the trial court's decision to deny a new trial.

The judgment is affirmed.

Brian Quinn
Chief Justice

Publish.