Calvin Allen SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 54727.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 27, 1978.

William O. Olsen, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and William E. Taylor, III, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for attempted burglary of a habitation. Punishment was assessed against appellant, as a habitual offender, at life imprisonment.

Appellant's first ground of error contends that the trial court reversibly erred in failing to grant his motion to quash the indictment for its failure to allege that appellant had the "specific intent" to commit burglary when he committed the acts alleged in the indictment.

The indictment alleged that the appellant did:

"unlawfully commit an offense hereafter styled the primary offense in that said Defendant, with intent to commit theft, did attempt to enter a habitation owned by Ernest Russell, hereinafter styled Complainant, by prying on door of said habitation with a tire tool, without the effective consent of the Complainant."

Appellant contends in his motion to quash that the failure to allege that appellant acted with the "specific intent" to commit burglary renders the indictment "fatally defective in that it does not charge in plain and concise language the essential elements of the offense attempted to be therein charged so as to enable the defendant to prepare his defense." At the hearing on appellant's motion to quash, appellant's counsel urged that the law required the allegation of two intents.

We conclude that this Court's discussion of this same contention in terms of "fundamental error" in *Dovalina v. State*, 564 S.W.2d 378, applies with equal force in the instant cause, notwithstanding appellant's filing of a motion to quash. As reflected in *Dovalina*, and the authorities cited therein, "attempt" means "intent" and the word "specific" is not essential to an indictment which alleges an offense requiring a "specific intent" for its mens rea. Further, although the reasoning of *Williams v. State*, 544 S.W.2d 428 (Tex.Cr.App.), is not directly in point, the same result should follow. The appellant's motion to quash can only conceivably be entertained pursuant to Article 27.09, Sec. 2, V.A.C.C.P., and Article 21.02, Sec. 7, V.A.C.C.P. A review of the indictment clearly sets forth that the offense of attempted burglary was set forth in "plain and intelligible words."

We therefore hold that the instant indictment is neither fundamentally defective nor subject to a motion to quash.

■ Appellant's second ground of error complains that the trial court reversibly erred in denying the appellant's motion for a pretrial hearing on the admissibility of appellant's prior convictions for the purposes of impeachment. The appellant relies on *Madeley v. State*, 488 S.W.2d 416 (Tex.

Cr.App.). Such reliance is misplaced since the conviction considered void in that case was shown to be void by the undisputed evidence adduced from the defendant that at the time of the prior conviction he was without counsel, was indigent and did not waive counsel. Thus, the prior conviction was inadmissible under the authority of *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). Appellant's reliance on *Madeley* and *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), is misplaced since at no time did appellant allege that any of the convictions found in the enhancement paragraph of his indictment were constitutionally void nor did the appellant testify to any facts which would establish that such convictions were void and therefore inadmissible. It is noted that appellant did testify that he had chosen not to testify at the trial in chief since he feared impeachment from his prior convictions. Although he had the opportunity to contest the constitutional validity of the prior convictions, he did not do so.

We therefore hold that the trial court did not err in refusing to conduct a pretrial hearing on the admissibility of the prior convictions absent any contention on the part of the appellant that the prior convictions were constitutionally void.

Appellant's second ground of error is overruled.

■ Finally, appellant complains that the trial court erred in overruling his motion to dismiss the enhancement allegations as well as his request that the State be instructed not to mention the enhancement allegations to the jury until a hearing was held outside their presence to determine their admissibility under the constitutional doctrines of *U. S. v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and *Burgett v. Texas*, supra.

At the outset we note that appellant never contested the constitutional validity of the prior convictions. Appellant's only objection, on constitutional grounds, to the admissibility of the "pen packets" was "they would be in violation of the Fifth,

First, Sixth, and Fourteenth Amendments to the United States Constitution." Appellant never designated any particular grounds upon which these pen packets violated the constitutional provisions cited. Therefore, nothing is preserved for review. *Cowan v. State*, 562 S.W.2d 236 (Tex.Cr. App.); cf. *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.).

There being no reversible error, the judgment of conviction is affirmed.