James Earl HUDSON, Appellant,

v.

STATE of Texas, Appellee.

No. 01–81–0232–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1982.

Rehearing Denied July 7, 1982.

Barbara Toby Baruch, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

DOYLE, Justice.

Appellant was convicted for the offense of attempted burglary of a building. His punishment, enhanced by two prior felony convictions, was assessed at life.

The appellant does not challenge the sufficiency of the evidence, but by six grounds of error, he attacks the validity of the indictment and the court's charge.

█ The appellant under his first ground of error argues that his motion to quash should have been granted since the indictment failed to allege that he acted with specific intent. He argues that the constituent elements of burglary, i.e., intent to commit theft or a felony, were not present. Appellant under his second ground of error complains that the indictment is fundamentally defective in that it failed to allege an offense against the law. The appellant is thus contending that the State should have alleged in the indictment the specific provisions of Sec. 15.01 of the Penal Code. Both of these grounds will be discussed jointly.

The indictment alleges in pertinent part: "[T]he defendant ... did then and there unlawfully with intent to commit Burgla-ry, attempt to enter a building not then open to the public, owned by Riad Khoury, ... By Chopping A Hole In The Door, without the effective consent of the complainant."

The offense of burglary in relevant part is defined in Tex. Penal Code Ann. § 30.02 (Vernon 1974) as follows:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; ...

The appellant raises the question of whether the indictment charges that the attempted entry was made with intent to commit a felony or theft.

The offense of criminal attempt pursuant to Tex. Penal Code Ann. § 15.01 (Vernon Supp. 1980–1981) in pertinent part provides:

(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

. . . . .

(c) An offense under this section is one category lower than the offense attempted ...

Since burglary, depending on the circumstances of a case, is either a first or second degree felony, it is clear that attempted burglary is also a felony. § 30.02(c), *supra.* Thus appellant's allegation that the indictment failed to allege that he attempted entry with intent to commit a particular felony is without merit. In a case in which this same issue was addressed, the court found that the indictment was valid. *Vaughn v. State,* 530 S.W.2d 558, 560 (Tex. Cr. App. 1975).

Our courts have held that an indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted. *Whitlow v. State,* 609 S.W.2d 808 (Tex. Cr. App. 1980); *Jones v. State,* 576 S.W.2d 393 (Tex. Cr. App. 1979); *Williams v. State,* 544

S.W.2d 428 (Tex. Cr. App. 1976). Neither is such an indictment subject to a motion to quash. *Smith v. State,* 571 S.W.2d 168 (Tex. Cr. App. 1978).

The Texas courts have also recognized that an attempt to commit burglary is an offense. *Hill v. State,* 521 S.W.2d 253 (Tex. Cr. App. 1975).

The appellant's first two grounds of error are overruled.

■ The appellant, in his third ground of error, complains that the court's charge was fundamentally defective since it failed to require the jury to find beyond a reasonable doubt that his acts tended but failed to effect the commission of an intended burglary.

The challenged portions of the court's charge reads:

> Now if you believe from the evidence beyond a reasonable doubt that ... [appellant] did then and there unlawfully with intent to commit Burglary, attempt to enter a building not then open to the public, owned by ... the complainant, By Chopping A Hole In The Door, without the effective consent of the Complainant, then you will find the defendant guilty of attempted burglary of a building, as charged in the indictment.
>
> If you do not so believe or have a reasonable doubt thereof, then you will find the defendant not guilty.

The record reflects that the appellant's counsel did not object to the court's charge and after reviewing this charge it is apparent that no fundamental error is present. *Hart v. State,* 581 S.W.2d 675 (Tex. Cr. App. 1979). The charge, as given, instructed the jury to find the appellant guilty if it found beyond a reasonable doubt that the appellant, unlawfully, with intent to commit burglary, attempted to enter a building by chopping a hole in the door. The act of chopping a hole in the door went beyond mere preparation. It succeeded in effecting the commission of the offense intended.

The appellant's third ground of error is overruled.

■ In ground of error four, appellant complains that the court erred in refusing to include his requested charge on circumstantial evidence. The record shows that two police officers were dispatched to 2301 Loraine Street in Houston where a grocery store was located. Upon arriving there one of the officers heard a noise that sounded like wood splintering. After hearing this noise, they observed appellant leaning into the door of the grocery store. They saw him drop something that appeared to be a meat cleaver. An examination of the door revealed that a hole had been chopped which was estimated by the officers to be approximately seven inches and possibly large enough for a small person to climb through. Based on these observations and the direct evidence, a charge of circumstantial evidence was not required. *Alvarado v. State,* 596 S.W.2d 904, 906 (Tex. Cr. App. 1980); *Morr v. State,* 507 S.W.2d 551 (Tex. Cr. App. 1974).

The appellant's fourth ground of error is overruled.

■ The appellant's fifth ground of error argues that the court erred in refusing to include his requested charge on the lesser included offense of criminal mischief. Had the appellant chosen to testify, his testimony could have possibly raised the requested charge. The appellant did not take the witness stand and there was no other evidence in the record to show that appellant was entitled to this charge. *McCardell v. State,* 557 S.W.2d 289 (Tex. Cr. App. 1977).

The appellant's fifth ground of error is overruled.

■ The appellant, in his sixth ground of error, complains that the court's charge was fundamentally defective in that it failed to define the terms *"felony"* or *"theft"*. Appellant made no objection to the court's charge at the time of trial and has failed to show that the alleged error is fundamental. Nothing is presented for review. *Sutton v. State,* 519 S.W.2d 422, 425 (Tex. Cr. App. 1975).

The judgment of the trial court is affirmed.

EVANS, C.J., and STILLEY, J., also sitting.