Willie Morris YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-83-0147-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1983.

Rehearing Denied Dec. 22, 1983.

Discretionary Review Granted
April 18, 1984.

Jimmy James, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

OPINION

BULLOCK, Justice.

Appellant was convicted by a jury of burglary of a habitation, enhanced by one prior felony. The trial court assessed his punishment at eight years incarceration. He brings three grounds of error on appeal.

In his first ground of error, appellant alleges that the trial court erred in failing to quash the indictment pursuant to his motion. The indictment alleged that appellant "attempted to enter a habitation owned by Earnestine Pine by breaking a

window, having intent to commit burglary." Appellant argues here, as in his motion to quash, that the State was required to allege in the indictment whether he intended, upon entering the habitation, to commit theft or another felony.

Burglary is defined in Tex.Penal Code Ann. art. 30.02(a)(1) (Vernon Supp.1983) as entering a habitation without the effective consent of the owner, with the intent to commit a felony or theft. Appellant argues that the use of the phrase "intent to commit burglary" in the indictment rendered the indictment defective on three grounds: (1) it failed to allege all the elements of a crime; (2) it was not specific enough to give him the notice necessary to defend himself; and (3) it was not specific enough to bar future prosecutions for the same actions.

This argument has not been directly presented to this court or to the Court of Criminal Appeals, but the converse of this argument has been addressed in *Smith v. State,* 571 S.W.2d 168 (Tex.Cr.App.1978). Smith argued in a motion to quash that his indictment for attempted burglary was defective for alleging attempted entry "with intent to commit theft" instead of with intent to commit burglary. The trial court refused to quash the indictment, and the Court of Criminal Appeals affirmed, noting that

> "attempt" means "intent" and the word "specific" is not essential to an indictment which alleges an offense requiring a "specific intent" for its mens rea. Further, although the reasoning of *Williams v. State,* 544 S.W.2d 428 (Tex.Cr.App. [1976]) is not directly in point, the same result should follow.

In the cited case, Williams attacked for the first time on appeal his indictment for attempted burglary, arguing that the indictment was fundamentally defective for alleging attempted entry with "intent to commit burglary." His grounds for this challenge (unlike appellant's challenge here) were that the elements of the offense must be set out in an indictment charging an attempt. The Court of Criminal Appeals

disagreed, holding that Williams' indictment was not fundamentally defective.

■ The instant case presents a different challenge, since appellant filed a motion to quash his indictment before trial. Even if an indictment is not fundamentally defective, it may be subject to a challenge as to form. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980). Appellant argues that the indictment did not sufficiently apprise him of what the State intended to prove he had done. We agree. The indictment alleges that appellant attempted to commit burglary by attempting to enter a habitation with intent to enter a habitation with further intent to commit theft or another felony. This circular reasoning tells appellant nothing about the State's theory of his intent. The State might as well have said that he attempted to do what he intended to do.

Attempted burglary impliedly requires two intent elements: the intent to enter and the intent to commit a felony or to steal once the actor is inside. *See generally Victory v. State,* 547 S.W.2d 1 (Tex.Cr.App. 1976). By alleging that appellant attempted to enter, the State has satisfied the first intent element. *Martinez v. State,* 565 S.W.2d 70 (Tex.Cr.App.1978). However, the indictment herein alleges, for the second intent element, that appellant had the intent to commit burglary once he was inside the residence. The necessary specific intent element has been omitted.

■ We hold that where a motion to quash properly raises the issue, the State must allege intent to commit theft or intent to commit some *other* felony in an indictment for attempted burglary. Appellant's first ground of error is sustained.

The judgment of the trial court is reversed, and the indictment is ordered dismissed.