**Willie Morris YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 128–84.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Jimmy James, Houston, for appellant.

**1.** The Court of Appeals' opinion listed the offense as burglary of a habitation. This is in

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Herbert Burns, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This is an appeal from a conviction for attempted burglary of a habitation. Punishment, enhanced by allegation and proof of a prior felony conviction, was assessed by the court at eight years' imprisonment following the jury verdict of guilty.

On appeal the Houston Court of Appeals [1st Dist.] reversed the conviction sustaining appellant's contention that the trial court erred in failing to set aside the indictment pursuant to his motion to quash. The court found the indictment defective for failing to allege a second specific intent element. *Young v. State,* 663 S.W.2d 58 (Tex.Cr.App.1983).[1] We granted the State's petition for discretionary review to determine the correctness of that decision.

The indictment in pertinent part alleged the appellant did

"unlawfully attempt to enter a habitation owned by Ernestine Pine by breaking a window pane, having intent to commit burglary ...."

The Court of Appeals held that the indictment was defective in light of the motion to set aside or quash the indictment. The court wrote:

"Attempted burglary impliedly requires two intent elements: the intent to enter and the intent to commit a felony or to steal once the actor is inside. See generally *Victory v. State,* 547 S.W.2d 1 (Tex.Crim.App.1976). By alleging that appellant attempted to enter, the State has satisfied the first intent element. *Martinez v. State,* 565 S.W.2d 70 (Tex. Cr.App.1978). However the indictment

error. The offense is *attempted* burglary of a habitation.

herein alleges for the second intent element that appellant had the intent to commit burglary once he was inside the residence. The necessary specific intent element has been omitted.

"We hold that where a motion to quash properly raises the issue, the State must allege intent to commit theft or intent to commit some other felony in an indictment for attempted burglary. Appellant's first ground of error is sustained."

The opinion is in conflict with another and earlier panel opinion of the same Court of Appeals, *Hudson v. State*, 638 S.W.2d 45 (Tex.App.—Houston [1st Dist.]—1982) (Petition for Discretionary Review—refused—1982), which was not mentioned.

In *Hudson*, involving an attempted burglary of a building conviction, the court wrote:

"The offense of burglary in relevant part is defined in Tex.Penal Code Ann. § 30.02 (Vernon 1974) as follows:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; ...

"The appellant raises the question of whether the indictment charges that the attempted entry was made with intent to commit a felony or theft.

"The offense of criminal attempt pursuant to Tex.Penal Code Ann. § 15.01 (Vernon Supp. 1980–1981) in pertinent part provides:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

" ...

"(c) An offense under this section is one category lower than the offense attempted ...

"Since burglary, depending on the circumstances of a case, is either a first or second degree felony, it is clear that attempted burglary is also a felony. § 30.02(c), *supra*. Thus appellant's allegation that the indictment failed to allege that he attempted entry with intent to commit a particular felony is without merit. In a case in which this same issue was addressed, the court found that the indictment was valid. *Vaughn v. State*, 530 S.W.2d 558, 560 (Tex.Cr.App.1975).

"Our courts have held that an indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted. *Whitlow v. State*, 609 S.W.2d 808 (Tex.Cr.App.1980); *Jones v. State*, 576 S.W.2d 393 (Tex.Cr.App.1979); *Williams v. State*, 544 S.W.2d 428 (Tex. Cr.App.1976). *Neither is such an indictment subject to a motion to quash. Smith v. State*, 571 S.W.2d 168 (Tex.Cr. App.1978).

"The Texas courts have also recognized that an attempt to commit burglary is an offense. *Hill v. State*, 521 S.W.2d 253 (Tex.Cr.App.1975)." (Emphasis supplied.)

In *Boston v. State*, 642 S.W.2d 799, 802 (Tex.Cr.App.1982), this Court also stated:

"The criminal attempt statute prescribes no more in the way of specific intent than 'to commit an offense,' and we have held that the constituent elements of the intended offense need not be alleged. *Cody v. State*, 605 S.W.2d 271, 274 (Tex.Cr.App.1980)."

We agree that the *Hudson* court was correct. It is true that in *Hudson* the claim was that the indictment was fundamentally defective, while here there was a motion to quash the indictment. As *Hudson* noted, however, such an indictment as the instant one is not subject to a motion to quash. See *Smith v. State*, 571 S.W.2d 168 (Tex.Cr.App.1978). The reasons advanced in *Hudson* and the instant case that the indictment was defective were the same.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of appellant's other grounds of error.

CLINTON, Judge, dissenting.

The opinion of the Court states:

"As *Hudson* noted, however, such an indictment as the instant one is not subject to a motion to quash. See *Smith v. State*, 571 S.W.2d 168 (Tex.Cr.App. 1978)."

The problem solved in *Smith* is nothing like the one in the instant case, and the *Hudson* court mistook the indictment in *Smith* to be one that failed to allege "the constituent elements of the offense attempted." To the contrary, the *Smith* indictment alleged that the accused did unlawfully commit an offense in that he:

"with intent to commit theft, did attempt to enter a habitation ... by prying on door of said habitation with a tire tool, without the effective consent of Complainant."

That pretty well sets out constituent elements of burglary prescribed by V.T.C.A. Penal Code, § 30.02(a)(1). The contention of the motion to quash in *Smith* was that the indictment failed to allege that accused "had the 'specific intent' to commit burglary," and thereby did not charge "in plain and concise language the essential elements of the offense attempted to be therein charged ..." The Court found that "the word 'specific' is not essential to an indictment which alleges an offense requiring a 'specific intent' for its mens rea," and concluded that the indictment "clearly sets forth that the offense of attempted burglary was set forth in 'plain and intelligible words.'" 571 S.W.2d at 169.

While it is true that the instant indictment withstands any fundamental error test, to prepare for trial an accused needs to be informed whether the prosecution will assert that his intent was to commit theft or a felony and, if the latter, which felony. That is the lesson of *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1981), and we should follow its teachings in this cause.

I respectfully dissent.

ODOM, J., joins.