ACCEPTED
13-15-00191-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/16/2015 2:54:10 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00191-CR

## IN THE COURT OF APPEALS
## THIRTEENTH DISTRICT OF TEXAS
## CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/16/2015 2:54:10 PM
DORIAN E. RAMIREZ
Clerk

### KEVIN LEE FARRIS,
*Appellant*

### vs.

### THE STATE OF TEXAS,
*Appellee*

### STATE'S BRIEF

**Nathaniel T. Wood**
Bar No. 24062328
Assistant District Attorney
210 S. Rusk
Wharton, Texas 77488
Phone: (979) 532-8051
Fax: (979) 532-8467
nathaniel.wood@co.wharton.tx.us

**Attorney for the State of Texas**

### ORAL ARGUMENT REQUESTED

## A. IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the names and addresses of all parties to this action and their counsel in the trial and appellate records:

**THE STATE OF TEXAS:**

Counsel

Ross M. Kurtz
District Attorney
Wharton County, Texas

Nathaniel T. Wood
Assistant District Attorney
210 S. Rusk
Wharton, Texas 77488

(979) 532-8051
(979) 532-8467 -- fax

nathaniel.wood@co.wharton.tx.us

**APPELLANT:** KEVIN LEE FARRIS

Counsel

Stephen A. Doggett
Appellate Counsel
201 South Eleventh
Richmond, Texas 77469
(281) 342-3321
(281) 341-8458 (fax)
office@doggett-law.com

Syngman Stephens
Trial Counsel
200 Hwy 90A, Ste. B
Richmond, Texas 77469

# B. TABLE OF CONTENTS

**A. IDENTITY OF PARTIES AND COUNSEL**...................................................2

**B. TABLE OF CONTENTS**..........................................................................3

**C. INDEX OF AUTHORITIES** ....................................................................4

**E. STATEMENT REGARDING ORAL ARGUMENT** ....................................6

**F. ISSUES PRESENTED** ............................................................................7

**G. STATEMENT OF FACTS**......................................................................8

**H. SUMMARY OF THE ARGUMENT** .........................................................12

**I. ARGUMENT** ........................................................................................14

    **Response to Issue One:** Farris's conviction for attempted indecency with a child is supported by sufficient evidence. ...........................................................14

    **Response to Issue Two:** The jury was properly instructed regarding the offense of attempted indecency with a child by contact. Alternatively, any error in the charge was harmless. ........................................................................................19

    **Response to Issue Three:** The trial court adequately evaluated Farris for competency, and following that evaluation, there was no reliable evidence from any source to suggest that Farris's mental status had deteriorated.......................24

    **Response to Issue Four:** Farris's objections to the charging instrument were without merit, and it was proper for the trial court to overrule them. ...................29

**J. PRAYER**............................................................................................32

**Certificate of Compliance**.......................................................................33

## C.  INDEX OF AUTHORITIES

**Cases**

*Allen v. State*, 253 S.W.3d 260 (Tex. Crim. App. 2008) ........................................23

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984)............................ 19, 23

*Arline v. State*, 721 S.W.2d 348 (Tex. Crim. App. 1986)...................................23

*Bazanes v. State*, 310 S.W.3d 32 (Tex. App. – Ft. Worth 2010, pet. ref'd) ............22

*Boston v. State*, 642 S.W.2d 799 (Tex. Crim. App. 1982) .......................................30

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ......................................14

*Cardenas v. State*, 30 S.W.3d 384 (Tex. Crim. App. 2000) ............................. 15, 17

*Cavazos v. State*, No. 13-04-075-CR, 2005 WL 2008417 (Tex. App. – Corpus
Christi 2005, no pet.)(not designated for publication)...........................................23

*Cisneros v. State*, 13-09-00528-CR, 2010 WL 3327526 (Tex. App.—Corpus
Christi Aug. 24, 2010, no pet.)(not designated for publication)...........................15

*Clark v. State*, 558 S.W.2d 887, 890 (Tex. Crim. App. 1977) ...............................22

*Ex parte Pousson*, 599 S.W.2d 820 (Tex. Crim. App. 1980) .................................30

*Ex parte Prophet*, 601 S.W.2d 372 (Tex. Crim. App. 1980)...................................31

*Flournoy v. State*, 668 S.W.2d 380 (Tex. Crim. App. 1984)...................... 16, 17, 24

*Henson v. State*, 173 S.W.3d 92 (Tex. App. – Tyler 2005)........................ 16, 17, 24

*Hernandez v. State*, 340 S.W.3d 55 (Tex. App. – Houston [1st Dist.] 2011, no pet.)
................................................................................................................................22

*Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996)................................ 20, 21

*Jackson v. Virginia*, 443 U.S. 307 (1979)........................................................ 14, 17

*Johnson v. State*, 967 S.W.2d 848 (Tex. Crim. App. 1998) ...................................31

*Jones v. State*, 576 S.W.2d 393 (Tex. Crim. App. 1979) ................................ 30, 31

*King v. State*, 29 S.W.3d 556 (Tex. Crim. App. 2000)...........................................14

*Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009) .......................... 16, 17, 19

*Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) ......................................15

*Margraves v. State*, 34 S.W.3d 912 (Tex. Crim. App. 2000)........................... 15, 17

*McCravy v. State*, 642 S.W.2d 450 (Tex. Crim. App. 1980)...................... 16, 21, 31

*McKay v. State*, PD-1133-14, 2015 WL 6722934 (Tex. Crim. App. Nov. 4, 2015)
........................................................................................................................ 14, 15

*Montoya v. State*, 291 S.W.3d 420 (Tex. Crim. App. 2009) ........................... 25, 29

*Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005)..........................................19

*Owens v. State*, PD-0967-14, 2015 WL 6519696 (Tex. Crim. App. Oct. 28, 2015) ...................................................................................................................25

*Rodriguez v. State*, 24 S.W.3d 499 (Tex. App. – Corpus Christi 2000, pet. ref'd) .23

*Roof v. Texas*, 665 S.W.2d 490 (Tex. Crim. App. 1984).......................................31

*Smith v. State*, 309 S.W.3d 10 (Tex. Crim. App. 2010) .........................................29

*Smith v. State*, 571 S.W.2d 168 (Tex. Crim. App. 1978) .......................................30

Starks v. State, 127 S.W.3d 127 (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd) ...................................................................................................................19

*State v. Moff*, 154 S.W.3d 599 (Tex. Crim. App. 2004) .........................................29

*Turner v. State*, 422 S.W.3d 676 (Tex. Crim. App. 2013) .............................. 26, 28

*Whitlow v. State*, 609 S.W.2d 808 (Tex. Crim. App. 1980) ...................................30

*Young v. State*, 675 S.W.2d 770 (Tex. Crim. App. 1984) ......................................31

**Statutes**

TEX. CODE CRIM. PRO. art. 36.14............................................................. 20, 21

TEX. CODE CRIM. PRO. art. 46B.003 .......................................................... 25, 28

TEX. CODE CRIM. PRO. art. 46B.004 ...............................................................25

TEX. CODE CRIM. PRO. art. 46B.005 ...............................................................26

TEX. CODE CRIM. PRO. art. 46B.051 ...............................................................26

TEX. CODE CRIM. PRO. art. 46B.053 ...............................................................26

TEX. CRIM. PRO. art. 36.19...............................................................................23

TEX. PEN. CODE § 15.01 ..................................................................... 15, 21, 29, 31

TEX. PEN. CODE § 21.01(2).................................................................................21

TEX. PEN. CODE § 21.11 ......................................................................... 15, 21

## D. STATEMENT OF THE CASE

A jury found appellant, Kevin Lee Farris ("Farris"), guilty of attempted indecency with a child. CR 182. The court assessed punishment at 10 years. Id. The trial court certified Farris's right of appeal. CR 192. Farris filed timely notice of appeal. CR 194. He now raises four issues on appeal. Appellant's Brief at 8.

## E. STATEMENT REGARDING ORAL ARGUMENT

The State believes that oral argument will materially aid the court in reaching its decision. Therefore the State requests oral argument.

## F. ISSUES PRESENTED

**Response to Issue One:**  Farris's conviction for attempted indecency with a child is supported by sufficient evidence.

**Response to Issue Two:**  The jury was properly instructed regarding the offense of attempted indecency with a child by contact.  Alternatively, any error in the charge was harmless.

**Response to Issue Three:**  The trial court adequately evaluated Farris for competency, and following that evaluation, there was no reliable evidence from any source to suggest that Farris's mental status had deteriorated.

**Response to Issue Four:**  Farris's objections to the charging instrument were without merit, and it was proper for the trial court to overrule them.

## G. STATEMENT OF FACTS

"He was going to want to rape me." 5 RR 73.

That was 12-year old C.C.'s fear when appellant Kevin Farris ("Farris") dropped down and invaded C.C.'s bathroom stall on April 12, 2014. 5 RR 63-68.

C.C. had been at baseball practice and was still wearing his little league baseball uniform when he arrived for mass at Our Lady of Mt. Carmel Church (Mt. Carmel) in Wharton, Texas. 4 RR 33-37. During worship, C.C. got up to go to the bathroom by himself. 4 RR 33-37.

When C.C. entered the two-stall bathroom, he could see that one of the stalls was occupied. But, Farris (who had been seen entering the bathroom ten minutes earlier) was not sitting on or even facing the toilet. 4 RR 62; 5 RR 59-63. Farris stood toward the front of the far stall from where he could look through a slit to see who was coming into the bathroom. 5 RR 61; Exhibit 9.

"Hey," said Farris from inside the stall when C.C. entered. 5 RR 52.

"Hey," responded C.C. with a child's voice. 5 RR 52.

After C.C. locked himself in a bathroom stall, sat on the toilet and lowered his baseball pants to his calves, Farris dropped to the ground. 5 RR 59, 63-64, 77. C.C. first saw Farris's hand touch the ground, and then Farris looked underneath the bathroom stall. 5 RR 63-64.

8

That is when Farris stuck his head under the stall and came closer to C.C.  5 RR 66; Exhibit 10.

Then, as his parents had taught him, C.C. protected himself by kicking at Farris.  5 RR 51, 65-68.  Farris "moved his head back" and "got up and left the stall."  5 RR 67-68.  But Farris did not leave the bathroom.  5 RR 68.  Instead of leaving, Farris stood outside C.C.'s bathroom stall in between C.C. and the exit.  5 RR 71.

"Hey, do you want to do anything?" sought Farris.  5 RR 69.

"No.  I'm going to call my dad," said C.C.  5 RR 69.

"Oh, you're going to call your dad?" replied Farris standing outside the stall door.  5 RR 69-70.

Farris "smiled" and "grinned" as he fled the bathroom after C.C. threatened to call his dad.  4 RR 64; 5 RR 69.  Farris went straight for his bicycle and left "quickly."  4 RR 64.

C.C.'s friends and family saw how "shocked and freaked out and kind of panicked" he was.  4 RR 38.  The boy was "kind of terrified" after what Farris had done in the bathroom.  4 RR 72.  That is why C.C.'s parents called the police.  4 RR 66.

Farris was not a member or regular visitor to the church. 4 RR 58-59. But, Farris lived nearby and had previously come to bazaars at Mt. Carmel when children were present. 4 RR 60; 5 RR 104-105.

Officer David Hunter and Sergeant Grady Smith were familiar with Farris from prior contacts. 4 RR 79; 5 RR 90. It was Hunter who initially responded to the disturbance at the church, and on his way to the church, he saw Farris. 4 RR 77-78. Farris was on his bicycle headed away from the church and also away from his house. 4 RR 78; 5 RR 105. Hunter stopped Farris because Farris matched the description of the suspect of the Mt. Carmel disturbance. 4 RR 79.

But Farris claimed that he "was coming from work and was on his way home," and he specifically denied being at Mt. Carmel. 4 RR 79-80.

Farris was not bicycling toward his home though. 5 RR 105. Farris's house was only a 20-second bike ride away from the church. 5 RR 104-105. Instead, Farris was traveling in the opposite direction of his home, and he was putting some distance between himself and Mt. Carmel Church. 5 RR 104-105.

After his arrest, Farris admitted that he had been in the bathroom. 5 RR 109. "I peeped him," said Farris. 5 RR 109.

Farris was charged by indictment with attempted indecency with a child by contact. RR 8, 38. On February 24, 2015, a Wharton County jury unanimously found Farris guilty of attempted indecency with a child. 5 RR 149. Farris elected

10

to go to the judge for punishment, and the trial judge ordered a PSI.  5 RR 153.

The trial court reconvened to sentence Farris on March 26, 2015.  6 RR 1.  At that

time, the trial court sentenced Farris to ten years in prison.  CR 182.


*Facts Related to Farris's Competency*

Farris was evaluated for competency following a September 5, 2014 trial

court order.  CR 10-12.  The evaluation was performed by Michael Fuller, M.D.,

on October 21, 2014 and the report was filed on October 27, 2014.  CR 26-35.

Dr. Fuller's evaluation found that Farris was competent to stand trial and

was not suffering from the symptoms of a mental defect that would render him

unable to rationally understand the charge or collaborate with his attorney.  CR 35.

Dr. Fuller also concluded that Farris exhibited average intelligence and showed no

signs of mental retardation.  CR 35.

Dr. Fuller's competency report also stated:

> "Of note, Mr. Farris appeared to be malingering when
> providing responses to this portion of the examination.
> His level of intelligence, ability to provide a detailed life
> history, sophistication and communication style prior to
> administration . . . suggest that he was purposefully
> providing incorrect answers during most of the
> examination in order to perform negatively."

CR 31.

Neither party requested a jury trial on the issue of incompetency. SEE TEX. CODE CRIM. PRO. art. 46B.005(c), 46B.051.

## H. SUMMARY OF THE ARGUMENT

**Response to Issue One:** Farris's conviction for attempted indecency with a child is supported by sufficient evidence. The facts of this case were largely uncontested at trial. Farris lay in wait in a church bathroom, and when C.C. entered the neighboring stall, Farris looked underneath and started to come into C.C.'s stall. When C.C. kicked at Farris, Farris left his stall and solicited the child by asking, "Do you want to do anything?" Farris then fled from the church and lied to the police about where he had been. A rational juror could have inferred from these facts that Farris attempted to commit indecency with a child by contact.

**Response to Issue Two:** The jury was properly instructed regarding the offense of attempted indecency with a child by contact. Alternatively, any error in the charge was harmless. It was not appropriate to instruct the jury concerning certain elements of indecency with a child by contact in the application portion of the jury charge because Farris was prosecuted for attempt rather than actual indecency by contact. Best practice would have been to specify a named individual when

instructing the jury on the required culpable mental state, but the omission of a named individual did not permit the jury to consider any alternative to the proper mental state required to convict. Therefore, the omission was not error. Alternatively, if the instruction regarding the culpable mental state was erroneous, it was harmless error.

**Response to Issue Three:** The trial court adequately evaluated Farris for competency, and following that evaluation, there was no reliable evidence from any source to suggest that Farris's mental status had deteriorated. Farris was evaluated by an expert prior to trial and found to be competent. Although the court did not hold a trial on the issue of incompetency, the parties and the court accepted the expert findings regarding competency and proceeded to the trial on the merits. No credible evidence arose at any time to suggest that Farris's mental status deteriorated during the proceedings. Therefore, it was not an abuse of discretion when the trial court did not hold a separate trial on the issue of incompetence.

**Response to Issue Four:** Farris's objections to the charging instrument were without merit, and it was proper for the trial court to overrule them. Farris's objections would have been proper had he been indicted for indecency with a

child, but attempt crimes need not allege the elements of the intended offense, and it was not error for the court to deny Farris's motion to quash the indictment.

## I. ARGUMENT

**Response to Issue One:** Farris's conviction for attempted indecency with a child is supported by sufficient evidence.

*Standard of Review*

Farris's legal sufficiency challenge calls upon the court to review the relevant evidence in the light most favorable to the verdict and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing the evidence, an appellate court does not reweigh the evidence or substitute its judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The jury is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to the witnesses' testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

The reviewing court's duty is to ensure that the State presented sufficient evidence of the offense and that the evidence supports the jury's verdict. *McKay v. State*, PD-1133-14, 2015 WL 6722934, at *2 (Tex. Crim. App. Nov. 4, 2015). When the evidence in the record can support conflicting inferences, the court must

assume that the jury resolved the conflict in favor of the prosecution, regardless of whether that resolution affirmatively appears on the record.  *Id.*

It is improper for a reviewing court to review facts by comparing the defendant's analysis of the evidence against the State's analysis of the evidence. *See Margraves v. State*, 34 S.W.3d 912, 916-17 (Tex. Crim. App. 2000); s*ee also Cardenas v. State*, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).

Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).

A person commits indecency with a child if he engages in sexual contact with a child younger than seventeen years old.  TEX. PEN. CODE § 21.11(a)(1). A person commits attempted indecency with a child if, with specific intent to commit the indecency with a child, the person does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.  TEX. PEN. CODE § 15.01; *see also Cisneros v. State*, 13-09-00528-CR, 2010 WL 3327526, at *6 (Tex. App.—Corpus Christi Aug. 24, 2010, no pet.)(not designated for publication).

*Criminal Attempt*

Texas law draws an "imaginary line" which separates "mere preparatory conduct, which is usually non-criminal, from "an act which tends to effect the

commission of the offense, which is always criminal conduct." *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984)(internal quotations omitted). This "necessarily creates a gray area within which the imaginary line is to be drawn." *Henson v. State*, 173 S.W.3d 92, 101 (Tex. App. – Tyler 2005). The legislature did not intend to draw this line at the last proximate act. *Id*. (citing *McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1980)). The fact that a defendant could have taken further action without actually committing the offense does not render his actions nothing more than mere preparation. *Id*. Where the imaginary line is to be drawn depends upon the nature of the crime attempted and must be considered on a case-by-case basis. *Id*.

*Analysis*

To prove Farris committed the offense of attempted indecency with a child by contact, the State was required to present sufficient evidence that Farris did an act amounting to more than mere preparation with the specific intent to commit indecency with a child by contact. *See Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). Farris argues that the evidence at trial was not sufficient because he didn't make "sexual overtures" toward C.C., and that he never attempted to touch C.C. or enter C.C.'s bathroom stall. Appellant's Brief at 13. The crux of Farris's argument is that the conduct proved at trial does not cross the "imaginary line" separating noncriminal preparatory conduct from criminal

16

conduct tending to effect the commission of the offense. *See Flournoy*, 668 S.W.2d at 383.

Farris's claims that he did not make "sexual overtures" and that he never attempted to touch C.C. or enter C.C.'s bathroom stall is merely an interpretation of the facts presented at trial.[1] The fact that Farris could have taken further action (e.g. reaching out to touch C.C.) without actually committing indecency did not render his actions nothing more than mere preparation. *Henson*, 173 S.W.2d at 460. The jury was free to disregard Farris's interpretation of the evidence and draw its own conclusions. *Laster*, 275 S.W.3d at 516-17. Rather than rely on Farris's interpretation of the evidence, the appellate court should instead determine whether any rational juror could have found the essential elements of the crime. *See Jackson*, 443 U.S. at 319; *Margraves*, 34 S.W.3d at 916-17; s*ee also Cardenas*, 30 S.W.3d at 389.

The facts of this case were largely uncontested at trial. 5 RR 131. Considering all of the evidence in the light most favorable to the prosecution, a rational juror could infer from Farris's actions that he intended to commit

---

[1] Farris also argues that the evidence was insufficient to show that he knew or should have known C.C. was a child. Appellant's Brief at 16. But the State did not have the burden to prove that Farris knew that C.C. was a child at the time of the offense. *See Johnson v. State*, 967 S.W.2d 848 (Tex. Crim. App. 1998) (holding that the indecency with a child statute does not require the State to prove that a defendant knows that the victim is under the age of 17). Nothing in the Criminal Attempt statute would alter the State's burden on this issue. TEX. PEN. CODE § 15.01.

indecency with a child by contact. The jury heard evidence that Farris entered the bathroom 10 minutes before C.C. 4 RR 62-63. Farris was standing inside one of the two bathroom stalls within. 5 RR 52. From there, he could see who was coming into the bathroom. 5 RR 61. The jury also heard that after C.C. took down his pants to use the bathroom, Farris got down on the ground and started to come into C.C.'s stall. 5 RR 66. The jury also heard that C.C. kicked at Farris in order to prevent him from coming over into the stall with him. 5 RR 51, 65-68. The, the jury heard that Farris stood outside of C.C.'s stall, between C.C. and the only exit, and asked, "Do you want to do anything?" 5 RR 69.

Based on all of the evidence before the jury, they were free to infer that Farris lay in wait in the church bathroom for as long as ten minutes looking through the stall slits and watching for a victim to walk through the door. The jury could also infer that Farris got down on the ground and looked underneath the stall while he was on his way into the neighboring stall, and that the only reason that Farris was unsuccessful was that C.C. kicked at him. Furthermore, the jury was free to infer Farris's intent to commit indecency with a child by contact due to the sheer inappropriateness of crawling on the bathroom floor into a neighboring bathroom stall occupied by a child who is disrobed and engaged in the act of defecating.

18

In short, the evidence in this case supports the conclusion that a rational juror could have found the essential elements of this crime. The fact that Farris is able to interpret the evidence differently is of no consequence. *Laster*, 275 S.W.3d at 516-17. Farris's first issue should be overruled.

**Response to Issue Two:** The jury was properly instructed regarding the offense of attempted indecency with a child by contact. Alternatively, any error in the charge was harmless.

*Standard of Review*

Appellate courts review charge errors using a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The reviewing court first determines whether error exists in the charge. *Id*. If error is found, it is then necessary to review the record to determine whether the error caused sufficient harm to require reversal of the conviction. *Id*. If error is properly preserved, reversal is required unless the error was harmless. *Id*.; *see also Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *Starks v. State,* 127 S.W.3d 127, 133 (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd) (providing that to preserve error in jury charge defendant must object or request specific charge). If error is not preserved, then only "egregious harm" will result in reversal. *Ngo*, 175 S.W.3d at 743-44.

*The Jury Charge*

"[I]n each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case…" TEX. CODE CRIM. PRO. art. 36.14. The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). The charge consists of two parts: the abstract portion, which tells the jury about the law, and the application portion, which applies the law to the facts and authorizes the jury to act. *See id*. at 172-74.

*Analysis*

By his second issue, Farris raises three objections to the jury charge: (1) that the application paragraph failed to instruct the jury concerning the specific sexual contact Farris intended, (2) that the application paragraph failed to instruct the jury that the child must be 17 years of age or younger, and (3) that the application paragraph failed to instruct the jury regarding whose sexual desire Farris intended to arouse or satisfy. Appellant's Brief at 17.

It was unnecessary for the jury to be instructed regarding the specific sexual contact intended or the child's age in the application paragraph. These instructions may be proper for a charge in an indecency by contact case, but they are not the

law applicable to an attempted indecency by contact case.  SEE TEX. CODE CRIM. PRO. art. 36.14.  In this case, the application paragraph authorized the jury to act in accordance with the attempt statute, not the indecency statute.  *See Hutch*, 922 S.W.2d at 172-73.  The jury was authorized to find Farris guilty of Texas Penal Code § 15.01 so long as the State proved (1) Farris, (2) with specific intent to commit indecency with a child by contact, (3) did an act amounting to more than mere preparation, that (4) tended, but failed, to effect the commission of the offense intended.  *See McCravy*, 642 S.W.2d at 455.

Farris also argues that the application paragraph should have instructed the jury regarding whose sexual desire appellant intended to arouse or gratify.  Appellant's Brief at 18.  In order to properly instruct the jury concerning the law applicable to attempted indecency with a child by contact, it was necessary to instruct the jury concerning the specific intent necessary to commit indecency with a child by contact.  SEE TEX. CODE CRIM. PRO. art. 36.14; TEX. PEN. CODE § 15.01; *see also McCravy*, 642 S.W.2d at 455.  The indecency statute does not expressly state a culpable mental state for indecency committed by contact.  TEX. PEN. CODE § 21.11(a)(1).  Rather, it incorporates the culpable mental state contained within the definition of "sexual contact."  TEX. PEN. CODE § 21.01(2).  Thus, the culpable mental state for indecency with a child by contact is "with the

intent to arouse or gratify the sexual desire of any person." *Clark v. State*, 558 S.W.2d 887, 890 (Tex. Crim. App. 1977).

At trial, Farris objected to the charge and stated it "should include the sexual desire of a named individual . . . either the name of the Defendant, the child or a third party." 5 RR 124-27. The court overruled Farris's objection, and the application paragraph of Farris's jury charge stated only that "the defendant had the specific intent to arouse or gratify sexual desire." CR 106. The omission of a specific individual from the court's instruction does not precisely track the statutory definition of "sexual contact." *See Hernandez v. State*, 340 S.W.3d 55, 61 (Tex. App. – Houston [1st Dist.] 2011, no pet.)(a jury charge that tracks the language of the relevant statute is generally not erroneous). This particular omission from the jury charge has never been analyzed for error.

While tracking the statutory definition precisely would have been best practice, no error should be found in this omission because, as it was instructed, the jury could not have convicted Farris without considering only the proper culpable mental state. *See Bazanes v. State*, 310 S.W.3d 32, 36 (Tex. App. – Ft. Worth 2010, pet. ref'd)(finding error where inclusion of "intentionally and knowingly" culpable mental states permitted jury to convict without consideration of proper mens rea); s*ee also Rodriguez v. State*, 24 S.W.3d 499, 501 (Tex. App. – Corpus

22

Christi 2000, pet. ref'd); *Cavazos v. State*, No. 13-04-075-CR, 2005 WL 2008417, at *2 (Tex. App. – Corpus Christi 2005, no pet.)(not designated for publication).

Alternatively, if the court does find error in the omission, then the error was harmless. TEX. CRIM. PRO. art. 36.19. Reversal is only required if the error was "calculated to injure the rights of the defendant," which means that there must be "some harm." *Almanza*, 686 S.W.2d at 171 (emphasis in original); *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). In deciding whether "some harm" occurred, a reviewing court considers: (1) the entire jury charge; (2) the state of evidence, including uncontested issues and weight of probative evidence; (3) counsel's argument; and (4) the whole record. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

The abstract portion of the charge stated that indecency by contact requires "intent to arouse or gratify the sexual desire of any person." CR 105. The omission occurred in the definitions portion of the charge as well as in the application portion. CR 106. The remainder of the charge accurately instructed the jury on the law applicable to the case. CR 102-109. Furthermore, the facts and arguments of this case never suggested that Farris acted with intent to arouse or gratify the sexual desire of anyone but himself. See, e.g., 5 RR 132-133. The only inference that a convicting jury could have possibly made, based on the evidence, was that Farris acted to satisfy his own sexual desire. The defensive theory at trial

23

was that Farris's uncontested conduct did not amount to sufficient evidence that he attempted any crime. 5 RR 130-135. In legal terms, Farris's trial strategy seemed to be to convince the jury that his "weird" behavior fell on the noncriminal side of the gray area between mere preparation and criminal conduct. 5 RR 131; *See Flournoy*, 668 S.W.2d at 383; *Henson*, 173 S.W.3d at 101.

Farris's issues concerning the jury instruction are mostly without merit. Since Farris was prosecuted for attempted indecency with a child by contact, and not indecency with a child by contact, it was unnecessary to instruct the jury in the application portion regarding the age of the child and the body parts of the child that Farris intended to touch. Farris's argument that the application paragraph should have instructed the jury regarding whose sexual desire Farris intended to arouse or gratify is of greater merit. But, this omission was not error because the jury could not have convicted Farris without considering only the proper culpable mental state. Alternatively, if the omission in the charge was error, it was harmless. Therefore, Farris's second issue should be overruled.

**Response to Issue Three:** The trial court adequately evaluated Farris for competency, and following that evaluation, there was no reliable evidence from any source to suggest that Farris's mental status had deteriorated.

*Standard of Review*

24

A trial court's decision not to conduct a competency hearing is reviewed under an abuse of discretion standard. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009). The proper remedy when error is found in competency proceedings is to abate the appeal and remand the case to the trial court to determine the feasibility of a retrospective competency proceeding. *Owens v. State*, PD-0967-14, 2015 WL 6519696, at *3 (Tex. Crim. App. Oct. 28, 2015).

*Determining Competency*

A defendant is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PRO. art. 46B.003(b). A person is incompetent to stand trial if he lacks (1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PRO. art. 46B.003(a).

The issue of competency may be raised by either party, or the court may raise the issue of incompetency *sua sponte*. TEX. CODE CRIM. PRO. art. 46B.004. Once the suggestion of incompetency has been raised, "the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PRO. art. 46B.004(c).

"If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination . . . to determine whether the defendant is incompetent to stand trial in a criminal case." TEX. CODE CRIM. PRO. art. 46B.005(a). The court *shall* hold an incompetency trial before determining whether the defendant is incompetent to stand trial on the merits unless (1) neither party requests a trial on the issue of incompetence, (2) neither party opposes a finding of incompetency, *and* (3) the court does not, on its own motion, determine that a trial is necessary. TEX. CODE CRIM. PRO. art. 46B.005 (emphasis added).

Unless a jury is requested by a party or by the court, the court shall make the determination of incompetency. TEX. CODE CRIM. PRO. art. 46B.051. If the court determines that the defendant is competent to stand trial, the court shall continue the trial on the merits. TEX. CODE CRIM. PRO. art. 46B.053. The trial court is not obliged to revisit the issue later absent a material change of circumstances suggesting that the defendant's mental status has deteriorated. *Turner v. State*, 422 S.W.3d 676, 693 (Tex. Crim. App. 2013).

<u>Analysis</u>

Prior to trial, Farris and the attorney for the State agreed that Farris should be evaluated regarding the issue of incompetency to stand trial. CR 10-12. Farris was evaluated by an expert appointed by the court and determined to be competent

to stand trial. CR 26-35. The report also noted that Farris appeared to be malingering, or "purposefully providing incorrect answers . . . in order to perform negatively." CR 31.

Following the jury's guilty verdict but before sentencing, the trial court ordered a presentence investigation (PSI) for the defendant. 5 RR 153; CR 126-180. The PSI included a "Psychosexual Evaluation and Assessment" prepared by Delores White, a licensed sex offender therapist. RR 155-174. Throughout the assessment, the report makes note that many results should be "viewed with caution" due to Farris's inconsistent answering patterns. RR 157, 165, 173.

It certainly was not lost on the court that both expert evaluations performed on behalf of Farris indicated malingering or lack of cooperation by Farris. RR 31, 157, 165, 173. Nevertheless, Farris relies on it to claim that the court was in error for failing to conduct a trial on the issue of his incompetency. Appellant's Brief at 22-23. Farris cites portions of the report that concluded (after noting Farris's malingering) he has a below average general fund of knowledge, an inability to repeat digit spans, issues with recall, vocabulary and abstract conceptual ability. Id. The same report, however, notes that Farris changed his behavior when he was evaluated in these areas. CR 30-31. The report also indicated that Farris "was able to state the charges against him" and showed "good understanding." CR 33. In

fact, the pretrial expert's report determined Farris was "average" in all areas of competency, and it determined that Farris was competent to stand trial. CR 34-35.

The report made no indication that Farris might lack (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. SEE TEX. CODE CRIM. PRO. art. 46B.003(a). Aside from this report, there was no additional information or suggestion before the court that would raise the issue of incompetency prior to trial.

Farris cites facts learned by the court after conviction that, he argues, should have caused the court to halt the proceedings for a trial on competency. Farris points to the results of the psychosexual evaluation in the PSI as well as the testimony of the probation officer who prepared the PSI. Appellant's Brief at 19, 22. These facts do not amount to a material change of circumstances suggesting that the Farris's mental status had deteriorated, especially when considered in light of the evidence that Farris was malingering and did not take his evaluation seriously. *See Turner*, 422 S.W.3d at 693.

The record does not show what actions, if any, the parties or the court took following the expert's report prior to trial. Neither party requested a trial or a jury on the issue of incompetency, nor did the court determine that a trial was necessary. The absence of any discussion of the issue of incompetency in the

record, as well as the fact that the trial court continued to the trial on the merits, suggest that the trial court and the parties accepted the expert evaluation and allowed the conclusions in the report to stand in the place of the court's determination of Farris's competency. No reliable evidence ever arose to suggest that Farris was not competent. Therefore, it was not an abuse of discretion when the trial court did not conduct an independent trial on the issue of incompetency. *See Montoya*, 291 S.W.3d at 426.

**Response to Issue Four:** Farris's objections to the charging instrument were without merit, and it was proper for the trial court to overrule them.

*Standards of Review*

A trial court's ruling on a motion to quash an indictment is reviewed *de novo*. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

*Criminal Attempt*

The elements necessary to establish the offense of attempt under Tex. Pen. Code § 15.01 "are: (1) a person, (2) with specific intent to commit an offense, (3) does an act, amounting to . . . more than mere preparation, that (4) tends, but fails, to effect the commission of the offense intended." *McCravy*, 642 S.W.2d at 455 (internal quotations omitted).

An indictment for a criminal attempt need not set out the elements of the offense intended. *Jones v. State*, 576 S.W.2d 393, 395 (Tex. Crim. App. 1979); *Boston v. State*, 642 S.W.2d 799 (Tex. Crim. App. 1982). An indictment for attempt is not subject to a motion to quash for failure to allege the specific intent to commit the offense attempted where "attempt" was used in the indictment. *See Smith v. State*, 571 S.W.2d 168, 169 (Tex. Crim. App. 1978). Use of the word "attempt" includes "intent" because the former has a more comprehensive meaning; attempt implies an intent and an actual effort to carry out or consummate the purpose. *Ex parte Pousson*, 599 S.W.2d 820 (Tex. Crim. App. 1980); *Whitlow v. State*, 609 S.W.2d 808 (Tex. Crim. App. 1980).

*Analysis*

In his fourth issue, Farris claims that the indictment did not give adequate notice because it did not allege "elements of indecency with a child by contact," "touching of the prohibited parts of the complainant's body," "intent to gratify sexual desire," "intent," and that the "complainant was under 17." Appellant's Brief at 17, 24.

The superseding indictment charged that Farris "did then and there, with the specific intent to commit the offense of Indecency with Child by Contact against [C.C.], do an act, to-wit: entering a church bathroom, sticking his head under a bathroom stall and asking 'Do you want to do anything?', which amounted to more

than mere preparation that tended but failed to effect the commission of the offense intended."  CR 38.

Farris's complaints regarding the indictment and the jury charge are controlled by well-established law.  It was unnecessary to set out the elements of indecency with a child in the indictment for *attempted* indecency with a child.  *See Jones*, 576 S.W.2d at 395.  It was also unnecessary for the State to prove that Farris had knowledge that C.C. was a child.  *See Roof v. Texas*, 665 S.W.2d 490 (Tex. Crim. App. 1984); *Johnson v. State*, 967 S.W.2d 848 (Tex. Crim. App. 1998).

The language of Farris's indictment tracks TEX. PEN. CODE § 15.01, and mirrors the language approved of in *McCravy*.  *See* 642 S.W.2d at 455.  An indictment for an attempt crime does not need to allege the specific intent required for the crime attempted.  *See Young v. State*, 675 S.W.2d 770, 771 (Tex. Crim. App. 1984)(indictment charging defendant with attempted burglary was not defective for failing to contain allegation of intent to commit theft or some other felony).  Farris's indictment properly alleges that he acted with "specific intent to commit the offense of Indecency with Child by Contact." *See Ex parte Prophet*, 601 S.W.2d 372, 373-74 (Tex. Crim. App. 1980)("intent to commit rape" was sufficient allegation of culpable metal state in indictment for attempted rape).

Farris treats this issue as though he were prosecuted for indecency with a child rather than *attempted* indecency with a child. Rather than treating the indictment as though Farris was charged with indecency with a child, it was proper for the trial court to overrule Farris's objections. See also 42 Tex. Prac., Criminal Practice And Procedure § 25:105 (3d ed.). Farris's fourth issue should be overruled.

## J. PRAYER

For these reasons, the State asks this Court to overrule Farris's four points of error, affirm the rulings of the trial court and the judgment of conviction, and grant the State any other relief to which it may be entitled.

Respectfully Submitted,

/s/ Nathaniel Wood
Nathaniel T. Wood
Bar No. 24062328
Assistant District Attorney
Wharton County District Attorney's Office
210 S. Rusk
Wharton, TX 77488
(979) 532-8051
Fax (979) 532-8467
nathaniel.wood@co.wharton.tx.us

## Certificate of Service

I certify that I have delivered a true and correct copy of this filing in accordance with the Rules of Appellate Procedure to the following on 12/16/2015:

Stephen A. Doggett
Appellate Counsel
201 South Eleventh
Richmond, Texas 77469
(281) 342-3321
(281) 341-8458 (fax)
office@doggett-law.com

       via email at: office@doggett-law.com

/s/ Nathaniel Wood
Nathaniel T. Wood
Bar No. 24062328
Assistant District Attorney
Wharton County District Attorney's Office
210 S. Rusk
Wharton, TX 77488
(979) 532-8051
Fax (979) 532-8467
nathaniel.wood@co.wharton.tx.us

## Certificate of Compliance

This brief contains 5,737 words and is in compliance with Tex. R. App. P. 9.4.

/s/ Nathaniel Wood
Nathaniel T. Wood
Bar No. 24062328
Assistant District Attorney